1  LINDAHL BECK LLP
   George M. Lindahl (SBN 61905)
2  660 S. Figueroa Street
   Suite 1500
3  Los Angeles, California  90017-3457
   (213) 488-3900
4  (213) 486-9883 Facsimile

5  Attorneys for Defendants
   LOZA & LOZA, LLP, JULIO LOZA
6  and CHRISTINA S. LOZA

7

8             UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT

9                        OF CALIFORNIA – SOUTHERN DIVISION

10

11  MOPHIE, INC., formerly known as          )  CASE NO.  8:11-cv-00539-DOC-MLG
    mSTATION Corporation, a California        )
12  Corporation, and DANIEL HUANG, an         )  [Honorable David O. Carter]
    individual,                               )
13                                            )  DEFENDANTS' NOTICE OF MOTION
                    Plaintiffs,               )  AND MOTION TO STRIKE PORTIONS
14                                            )  OF PLAINTIFFS' COMPLAINT
            vs.                               )  PURSUANT TO F.R.C.P. 12(f);
15                                            )  MEMORANDUM OF POINTS AND
    LOZA & LOZA, LLP, a California Limited     )  AUTHORITIES
16  Liability Partnership, JULIO LOZA, an      )
    individual, and CHRISTINE S. LOZA, an      )
17  individual,                               )
                                              )  DATE:        June 6, 2011
18                  Defendants.               )  TIME:        8:30 a.m.
                                              )  COURTROOM:   9D
19                                            )

20

21  TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

22          PLEASE TAKE NOTICE that on June 6, 2011 at 8:30 a.m., or as soon thereafter

23  as the matter may be heard in Courtroom 9D of the above-entitled court, located at 411 West

24  Fourth Street, Santa Ana, California, Defendants Loza & Loza, LLP, Julio Loza, and Christina S.

25  Loza, erroneously named herein as Christine S. Loza, will move this court pursuant to Federal

26  Rule of Civil Procedure 12(f) to strike the following portions of the Complaint of Plaintiffs

27  Mophie, Inc., and Daniel Huang:

28  ///

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA  90017-3457
(213) 488-3900

185118

1

NOTICE AND MOTION TO STRIKE PUNITIVE DAMAGES          8:11-cv-00539-DOC-MLG

1.     Paragraph 78 on page 24 in its entirety, which reads as follows:

"78.  The conduct of Defendants, and each of them, as alleged above, was grossly negligent, unconscionable, fraudulent, oppressive, malicious and done intentionally or in conscious disregard of Plaintiffs' rights and Defendants' fiduciary obligations, and in order to protect themselves and further their own interests at Plaintiffs' expenses and to their detriment, so as to justify an award of punitive damages."

2.     Paragraph 90 on page 28 in its entirety, which reads as follows:

"90.  The conduct of Defendants, and each of them, as alleged above, was grossly negligent, unconscionable, fraudulent, oppressive, malicious and done intentionally or in conscious disregard of Plaintiffs' rights and Defendants' fiduciary obligations, and in order to protect themselves and further their own interests at Plaintiffs' expenses and to their detriment, so as to justify an award of punitive damages."

3.     Paragraph 101 on page 31 in its entirety, which reads as follows:

"101.  The conduct of Defendants, and each of them, as alleged above, was grossly negligent, unconscionable, fraudulent, oppressive, malicious and done intentionally or in conscious disregard of Plaintiffs' rights and Defendants' fiduciary obligations, and in order to protect themselves and further their own interests at Plaintiffs' expenses and to their detriment, so as to justify an award of punitive damages."

4.     The prayer for punitive damages on page 31, line 19, which reads in pertinent part as follows:

"2. For punitive damages;"

This motion was made following the conference of counsel pursuant to Local Rule 7-3 which took place on April 25, 2011.

///

///

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

185118

2

NOTICE AND MOTION TO STRIKE PUNITIVE DAMAGES          8:11-cv-00539-DOC-MLG

1            This Motion is based on this Notice of Motion and Motion, the attached

2    Memorandum of Points of Authorities in Support thereof, matters which may be judicially

3    noticed, the pleadings and records on file in this action, and on such oral argument as the court

4    may permit at the hearing of this matter.

5

6    DATED:  April 29, 2011                    LINDAHL BECK LLP

7

8                                              By _____
                                                  George M. Lindahl
9                                              Attorneys for Defendants
                                               Loza & Loza, LLP, Julio Loza
10                                             and Christina S. Loza

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

185118

NOTICE AND MOTION TO STRIKE PUNITIVE DAMAGES                    8:11-cv-00539-DOC-MLG

1

## **TABLE OF CONTENTS**

2
**PAGE(S)**

3   1.   INTRODUCTION ...................................................................   4

4   2.   FACTUAL BACKGROUND .......................................................   4

5
6   3.   THE COURT SHOULD STRIKE PLAINTIFFS' PRAYER FOR
        PUNITIVE DAMAGES BECAUSE PLAINTIFFS FAIL TO
7       SUFFICIENTLY ALLEGE MALICE, OPPRESSION OR FRAUD............   5

8        a.   The Court May Strike A Prayer for Punitive Damages When It
             Is Not Supported by Sufficient Factual Allegations...........................   5
9

10       b.   Plaintiffs Have Not Properly Pled A Claim For Punitive
             Damages ........................................................................................   6
11

12       c.   Plaintiffs' Punitive Damage Allegations Should Also Be Stricken
             Because They Fail To Meet The Rule 8 Pleading Standards
13           Established By The Supreme Court ...................................................   9

14   4.   CONCLUSION ..........................................................................   11

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LINDAHL ,BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

i

TABLE OF CONTENTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**CASES**                                                                      **PAGE(S)**

*Ashcroft v. Iqbal,*
      129 S.Ct. 1937 (2009) .................................................................      6, 10

*Beck v. State Mutual Auto. Ins. Co.,*
      54 Cal.App.3d 347 (1976)..............................................................      7

*Bell Atlantic Corp. v. Twombly,*
      550 U.S. 544 (2007) .....................................................................      6, 10

*Blegen v. Superior Court,*
      125 Cal.App.3d 959 (1981)............................................................      8

*Brousseau v. Jarrett,*
      73 Cal.App.3d 864 (1977).............................................................      8

*Coffman v. Federal Laboratories,*
      323 U.S. 325 (1945) .....................................................................      5

*Cyrus v. Haveson,*
      65 Cal.App.3d 306 (1976).............................................................      7-8

*Dumas v. Stocker,*
      213 Cal.App.3d 1262 (1989)..........................................................      7

*Ferguson v. Lieff, Cabraser, Heimann & Bernstein,*
      30 Cal.4th 1037 (2003)..................................................................      6

*G.D. Searle & Co. v. Superior Court,*
      49 Cal.App.3d. 22 (1975)...............................................................      9

*Jackson v. Johnson,*
      5 Cal.App.4th 1350 (1992).............................................................      8

*Martin v. Jacuzzi*
      224 Cal.App.2d 549 (1964)............................................................      8

*Miles v. Apex Marine Corp.*
      498 U.S. 19 (1990) .......................................................................      5

*Mock v. Michigan Millers Mutual Ins. Co.,*
      4 Cal.App.4th 306 (1992)...............................................................      7, 8

LINDAHL, BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

ii

TABLE OF CONTENTS AND AUTHORITIES

1

## TABLE OF AUTHORITIES (con't)

2

**PAGE(S)**

## CASES

3

4
*Piscitelli v. Friedenberg,*
      87 Cal.App.4th 953 (2001)...................................................................... 6

5

6
*Smith v. Superior Court,*
      10 Cal.App.4th 1033 (1992)................................................................... 9

7

8
*Tomaselli v. Transamerica Ins. Co.,*
      25 Cal.App.4th 1269 ............................................................................ 7, 8, 9

9

## STATUTES

10

11
Federal Rule of Civil Procedure
      8(a)(2)................................................................................................... 5

12
      12........................................................................................................... 5

13
      12(f)...................................................................................................... 1

14
Civil Code
      §3294.................................................................................................... 7, 8

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LINDAHL ,BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

iii

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## 1.    INTRODUCTION

3        Plaintiffs, Mophie, Inc., and Daniel Huang ("Plaintiffs"), have asserted claims for

4   legal malpractice and breach of fiduciary duty against Loza & Loza, LLP, Julio Loza and

5   Christina S. Loza ("Defendants") based on legal services Defendants rendered with respect to

6   Mophie, Inc.'s intellectual property portfolio.  Specifically, Plaintiffs allege that Defendants

7   failed to properly advise and represent them concerning various patent and trademark

8   applications and efforts to enforce certain patents, and failed to properly maintain their files.

9   While Defendants deny all of Plaintiffs' charging allegations, Defendants concede that Plaintiffs

10  have properly stated their claims for relief.  However, Plaintiffs have not alleged the malice,

11  oppression or fraud necessary to support their claims for punitive damages.  Consequently,

12  Plaintiffs' claims and prayer for punitive damages are improper and should be stricken from the

13  Complaint.

14

## 2.    FACTUAL BACKGROUND

15       Plaintiffs allege that Loza & Loza, LLP, represented Mophie, Inc. ("Mophie") and

16  Daniel Huang ("Huang") in connection with Mophie's intellectual property portfolio.  (Compl.

17  ¶¶ 14, 16.)  Plaintiffs allege that Mophie retained Defendants to "advise Mophie regarding

18  intellectual property issues, including development of its intellectual property portfolio,

19  protection of its ideas, designs, inventions and trademarks, and to provide advice regarding

20  intellectual property issues." (Compl. ¶ 14.)  Plaintiffs further allege that "Defendants also

21  undertook representation of Plaintiff Huang's interests in connection with Plaintiff Mophie's

22  intellectual property portfolio." (Compl. ¶ 16.)

23       According to the Complaint, Defendants' conduct in representing Mophie was

24  "unprofessional, unethical, and negligent," thereby causing Plaintiffs to suffer economic injury

25  and other damages. (Compl. ¶¶ 1, 2.)  Among other claims, Plaintiffs allege that Defendants

26  drafted overly aggressive cease and desist letters; failed to properly transfer patents from Huang

27  to Mophie; failed to include the names of co-inventors on Huang's patent applications; made

28  unpersuasive arguments to the Patent and Trademark Office; included an incorrect company

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-2100

185118

4

NOTICE AND MOTION TO STRIKE PUNITIVE DAMAGES          8:11-cv-00539-DOC-MLG

1   name on trademark applications, and failed to provide plaintiffs with a properly organized client

2   file. (Compl. ¶¶ 29, 41, 47, 59, 63, 67.)

3           Although Plaintiffs have asserted strictly professional negligence-based claims for

4   relief, they also inappropriately seek punitive damages based solely on the factually unsupported

5   conclusion that:

6           The conduct of Defendants, and each of them, as alleged above, was

7           grossly negligent, unconscionable, fraudulent, oppressive, malicious and

8           done intentionally or in conscious disregard of Plaintiffs' rights and

9           Defendants' fiduciary obligations, and in order to protect themselves and

10          further their own interests at Plaintiffs' expenses (sic) and to their

11          detriment, so as to justify an award of punitive damages.

12  (Compl. ¶¶ 78, 90, 101.) As discussed below, Plaintiffs' punitive damage claims should be

13  stricken.

14  **3.      THE COURT SHOULD STRIKE PLAINTIFFS' PRAYER FOR PUNITIVE**

15  **DAMAGES BECAUSE PLAINTIFFS FAIL TO SUFFICIENTLY ALLEGE**

16  **MALICE, OPPRESSION, OR FRAUD**

17          **a.      The Court May Strike a Prayer for Punitive Damages When It**

18                  **Is Not Supported by Sufficient Factual Allegations**

19          The court may strike pleadings or portions of pleadings not drawn in conformity

20  with the Federal Rules. Fed. R. Civ. P. 12 ["The court may strike from a pleading an insufficient

21  defense or any redundant, immaterial, impertinent, or scandalous matter."] If a plaintiff fails to

22  plead a proper basis for punitive damages, the court may strike punitive damages from the prayer

23  for relief. See *Miles v. Apex Marine Corp.*, 498 U.S. 19, 22 (1990) [upholding 5th Circuit

24  decision striking punitive damages from negligence claim]; *Coffman v. Federal Laboratories*,

25  323 U.S. 325, 327 (1945) [upholding District Court decision striking equitable relief from

26  complaint.]

27          A plaintiff must plead "a short and plain statement of the claim showing that the

28  pleader is entitled to relief." Fed. R. Civ. P. 8. Under Rule 8(a)(2), "the plain statement [must]

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

185118                                5

NOTICE AND MOTION TO STRIKE PUNITIVE DAMAGES                    8:11-cv-00539-DOC-MLG

1   possess enough heft to show that the pleader is entitled to relief." *Bell Atlantic Corp v. Twombly*,

2   550 U.S. 544, 557 (2007). This threshold requirement prohibits plaintiffs from making "a largely

3   groundless claim . . . with the right to do so representing an *in terrorem* increment of the

4   settlement value." *Twombly*, *supra*, 550 U.S. at 557-558.

5              "The pleading standard Rule 8 announces does not require detailed factual

6   allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

7   accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) [internal quotation marks omitted].

8   A pleading is deficient if it merely offers "labels and conclusions, or tenders naked assertions

9   devoid of further factual enhancement." *Id.* [internal quotation marks omitted]. "While legal

10  conclusions can provide the framework of a complaint, they must be supported by factual

11  allegations." *Id.* at 1350.

12             In *Ashcroft*, the plaintiff sued government officers alleging that they "knew of,

13  condoned, and willfully and maliciously agreed to subject him to harsh conditions of

14  confinement as a matter of policy solely on account of his religion, race, and/or national origin

15  and for no legitimate penological interest." *Id.* at 1951 [internal quotation marks and brackets

16  omitted]. The court ruled that this language was "a formulaic recitation," "conclusory," and "too

17  chimerical to be maintained." *Id.* at 1951.

18             **b.    Plaintiffs Have Not Properly Pled A Claim For Punitive Damages**

19             Plaintiffs' allegations fall woefully short of the stringent pleading standards

20  required for punitive damages. The Complaint does not contain any allegations of conduct by

21  any of the defendant attorneys that was malicious, oppressive and/or fraudulent as required by

22  Civil Code § 3294. Because plaintiffs have failed to properly plead a claim for punitive

23  damages, the court should strike the claims and prayer for punitive damages from the Complaint.

24             Punitive damages, historically and by statutory definition, are not compensation

25  for loss. Rather, their sole purpose is to punish and deter the wrongful actor. *Piscitelli v.*

26  *Friedenberg*, 87 Cal.App.4th 953, 980 (2001). Thus, the "imposition of punitive damages is an

27  expression of . . . moral condemnation." *Ferguson v. Lieff, Cabraser, Heimann & Bernstein*, 30

28  Cal.4th 1037, 1048 (2003). Because punitive damage awards constitute a windfall and create

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

185118

NOTICE AND MOTION TO STRIKE PUNITIVE DAMAGES                    8:11-cv-00539-DOC-MLG

1    "the anomaly of excessive compensation," they are not favored in the law. *Piscitelli*, supra, 87

2    Cal.App.4th at 980 (citing *Dumas v. Stocker*, 213 Cal.App.3d 1262, 1266 (1989)). Punitive

3    damages are a disfavored remedy and should only be allowed in the "clearest of cases." *Beck v.*

4    *State Mutual Auto. Ins. Co.*, 54 Cal.App.3d 347, 355 (1976).

5            Civil Code §3294 allows recovery for punitive damages where it is proven by

6    clear and convincing evidence that the defendant is guilty of fraud, malice or oppression. Section

7    3294(c) defines these three terms very narrowly:

8            1.    "Malice" means conduct which is intended by the defendant to

9                  cause injury to the plaintiff or despicable conduct which is carried

10                 on by the defendant with a willful and conscious disregard of the

11                 rights or safety of others;

12           2.    "Oppression" means despicable conduct that subjects a person to

13                 cruel and unjust hardship in conscious disregard of that person's

14                 rights;

15           3.    "Fraud" means an intentional misrepresentation, deceit, or

16                 concealment of a material fact known to the defendant with the

17                 intention on the part of the defendant of thereby depriving a

18                 person of property or legal rights or otherwise causing injury.

19           By definition, "oppression" is "despicable conduct" and encompasses "conduct

20   which is so vile, base, contemptible, miserable, wretched or loathsome that it would be looked

21   down upon and despised by ordinary decent people." *Mock v. Michigan Millers Mutual Ins. Co.*,

22   4 Cal.App.4th 306, 331 (1992) (quoting BAJI 14.72.1 [1989 rev.]). It has also been vividly

23   described as "having the character of outrage frequently associated with crime." *Tomaselli v.*

24   *Transamerica Ins. Co.*, 25 Cal.App.4th 1269, 1287 (1994) (emphasis added). Similarly, as noted

25   above, "malice" is either conduct intended to cause injury or "despicable conduct" done with a

26   "conscious disregard" for the rights of others.

27           A plaintiff must plead the ultimate facts of a defendant's malice, fraud or

28   oppression to support a claim for punitive damages. *Cyrus v. Haveson*, 65 Cal.App.3d 306, 316-

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

1   17 (1976). A "conclusory characterization of defendant's conduct as intentional, willful and

2   fraudulent is a patently insufficient statement of 'oppression, fraud or malice, expressed or

3   implied,' within the meaning of [Civil Code] §3294." *Brousseau v. Jarrett*, 73 Cal.App.3d 864,

4   872 (1977) (emphasis added). Moreover, "the use of words wrongfully, willfully and

5   maliciously add nothing to a pleading except to convey a sense of outrage on the part of the

6   plaintiff." *Marin v. Jacuzzi*, 224 Cal.App.2d 549, 552 (1964); see also *Blegen v. Superior Court*,

7   125 Cal.App.3d 959, 963 (1981) ("willful," "fraudulent," "malicious" and "oppressive" are

8   conclusory terms that must be supported with sufficient facts).

9           The allegations of the breach of fiduciary duty and legal malpractice causes of

10   action against Defendants do not support Plaintiffs' request for punitive damages. As Plaintiffs

11   have not asserted a fraud claim, they must allege facts rising to the level of malice or oppression

12   necessary for an award of punitive damages. However, they have failed to do so. Instead,

13   plaintiffs have asserted "garden variety" professional negligence against Defendants, namely,

14   "botched attempts to enforce Plaintiffs' patents"; filing patent applications in the name of Huang

15   as the inventor and owner, rather than in Mophie's name; "mishandled" design patent and

16   trademark applications; and failing to maintain their files in a professional manner. [Complaint,

17   p. 6, l. 5-6; p. 11, l. 3-5; p. 14, l. 12-13; p. 16, l. 18-19 and ¶¶ 65 and 68.]

18           It is well-established that allegations of simple negligence in a legal malpractice

19   action fall far short of the "oppression, fraud or malice" required by California Civil Code §3294

20   and cannot support an award of punitive damages. *Jackson v. Johnson*, 5 Cal.App.4th 1350,

21   1354 (1992).   Even if plaintiffs' allegations are true, Defendants' alleged misconduct does not

22   rise to the level of "evil" or "criminal" conduct necessary to support an award of punitive

23   damages. *Tomaselli v. Transamerica Ins. Co., supra*, 25 Cal.App.4th at 1288.

24           In short, plaintiffs' allegations (which defendants categorically deny) might

25   support a negligence claim, but do not describe the despicable conduct required to establish

26   malice or oppression - "conduct which is so vile, base, contemptible, miserable, wretched or

27   loathsome that it would be looked down upon and despised by ordinary decent people." *Mock v.*

28   *Michigan Millers Mutual Ins. Co.*, 4 Cal.App.4th 306, 331 (1992) (quoting BAJI 14.72.1 [1989

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

cv-00539-DOC-MLG   Document 6   Filed 04/29/11   Page 12 of 14   Page ID #:55

1    rev.]).  Similarly, there is no allegation that any of the Defendants had any intention to injure

2    plaintiffs or a conscious disregard for their rights as required for a showing of malice.

3         Furthermore, a cause of action for breach of fiduciary duty in and of itself does not

4    support a claim for punitive damages without allegations of malice or oppression because breach

5    of fiduciary duty is considered constructive, not actual, fraud:

6              Because a breach of fiduciary obligation does not require wrongful intent,

7              constructive fraud is not an intentional tort. Although the attorney may

8              have acted with wrongful intent, the misconduct often is attributable to

9              negligence. In other words, a breach of the standard of care is negligence,

10             and a breach of fiduciary obligation is constructive fraud.

11   Legal Malpractice (5th Ed.), Mallen & Smith, §8.11; *Tomaselli*, 25 Cal.App.4th at 1287 (a

12   breach of fiduciary alone without malice, fraud or oppression does not permit an award of

13   punitive damages).

14         In sum, Plaintiffs' conclusory allegations that they are entitled to punitive

15   damages do not contain sufficient facts demonstrating the type of "vile, base, contemptible,

16   miserable, wretched or loathsome" conduct necessary to justify the imposition of punitive

17   damages. The Complaint fails to properly allege the type of fraud, malice or oppression necessary

18   to support an award of exemplary damages. Instead, Defendants' alleged conduct can at worst be

19   categorized as negligent, and even grossly negligent conduct cannot support an award of punitive

20   damages. *G.D. Searle & Co. v. Superior Court,* 49 Cal.App.3d 22, 31 (1975).  Accordingly, all

21   claims and prayers for punitive damages should be stricken from the Complaint.

22              c.    **Plaintiffs' Punitive Damage Allegations Should Also Be Stricken**

23                    **Because They Fail To Meet The Rule 8 Pleading Standards**

24                    **Established By The Supreme Court**

25         Plaintiffs' boilerplate allegations do not support a claim for fraud, malice, or

26   oppression and, in turn, are an inadequate basis for punitive damages.  A plaintiff suing for

27   professional negligence or breach of fiduciary duty must establish malice, oppression or fraud in

28   order to sustain a prayer for punitive damages. *Smith v. Superior Court*, 10 Cal.App.4th 1033,

185118

9

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

NOTICE AND MOTION TO STRIKE PUNITIVE DAMAGES              8:11-cv-00539-DOC-MLG

1   1042 (1992).  As discussed above, however, Plaintiffs allege only garden-variety professional

2   negligence.  Noticeably absent are allegations of evil motive, despicable conduct or behavior so

3   outrageous that it would resemble a crime.  Nowhere does plaintiff make <u>any</u> factual allegations

4   supporting the claim that defendants are guilty of vile, loathsome or contemptible conduct.

5            Nonetheless, plaintiffs' prayer for relief raises the *in terrorem* settlement specter

6   of punitive damages.  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007), the Supreme

7   Court ruled that such factually unfounded claims fall short of Rule 8 pleading standards.  Rather

8   than properly support their request for punitive damages with "enough heft to show that the

9   pleader is entitled to relief" as required by *Twombly*, Plaintiffs simply added the following pro

10   forma paragraph at the end of each cause of action:

11            The conduct of Defendants, and each of them, as alleged above,

12            was grossly negligent, unconscionable, fraudulent, oppressive,

13            malicious and done intentionally or in conscious disregard of

14            Plaintiffs' rights and Defendants' fiduciary obligations, and in

15            order to protect themselves and further their own interests at

16            Plaintiffs' expenses and to their detriment, so as to justify an award

17            of punitive damages.

18   (Compl. ¶¶ 78, 90, 91.)  This paragraph epitomizes the "the-defendant-unlawfully-harmed-me

19   accusation" condemned in *Ashcroft* because it fails to allege <u>any</u> facts that would support its legal

20   conclusion that Defendants' behavior was "unconscionable," "oppressive," or "malicious."

21            Under *Ashcroft*, these types of legal conclusions can provide the framework for

22   punitive damages; however, they must be supported by factual allegations.  *Ashcroft, supra*, 129

23   S.Ct. at 1350.  In *Ashcroft*, the Supreme Court held that the plaintiff's complaint fell short of

24   Rule 8 requirements when he alleged that the defendants "knew of, condoned, and willfully and

25   maliciously agreed to subject him to harsh conditions of confinement."  *Id*. at 1351.  Like the

26   plaintiff in *Ashcroft*, Plaintiffs in the present case make the conclusory, formulaic assertion that

27   "the conduct of defendants, and each of them, was grossly negligent, unconscionable, fraudulent,

28   oppressive, malicious and done intentionally or in conscious disregard of Plaintiffs' rights . . .."

185118

10

NOTICE AND MOTION TO STRIKE PUNITIVE DAMAGES            8:11-cv-00539-DOC-MLG

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

1  (Compl. ¶¶ 78, 90, 101.)  For the same reasons nearly identical allegations in *Ashcroft* fell short

2  of Rule 8 pleading requirements, Plaintiffs' punitive damage allegations here also fall short.

3  **4.**     **CONCLUSION**

4           For the foregoing reasons, defendants Loza & Loza, LLP, Julio Loza and

5  Christina S. Loza respectfully request that the court grant this motion and strike Paragraphs 78,

6  90 and 101 and the prayer for punitive damages at page 31, line 19, from the Complaint without

7  leave to amend.

8

9  DATED:  April 29, 2011                    LINDAHL BECK LLP

10

11                                          By _____

12                                             George M. Lindahl
                                               Attorneys for Defendants
13                                             Loza & Loza, LLP, Julio Loza
                                               and Christina S0. Loza

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA  90017-3457
(213) 488-3900

185118

11

NOTICE AND MOTION TO STRIKE PUNITIVE DAMAGES                    8:11-cv-00539-DOC-MLG