KATHRYN LEE BOYD, ESQ. (SBN 189496)
JEFF D. NEIDERMAN, ESQ. (SBN 203818)
**SCHWARCZ, RIMBERG, BOYD & RADER, LLP**
6310 San Vicente Boulevard, Suite 360
Los Angeles, California 90048
Phone: (323) 302-9488
Fax: (323) 931-4990

Attorneys for PLAINTIFFS
Mophie, Inc., and Daniel Huang

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOPHIE, INC., formerly known as mSTATION Corporation, a California Corporation, and DANIEL HUANG, an individual,<br><br>       Plaintiffs,<br><br>     vs.<br><br>LOZA & LOZA, LLP, a California Limited Liability Partnership, JULIO LOZA, an individual and CHRISTINE S. LOZA, an individual,<br><br>       Defendants. | Case No. 8:11-cv-00539-DOC-(MLGx)<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT PURSUANT TO F.R.C.P. 12(f)**<br><br>Date: June 6, 2011<br>Time: 8:30am<br>Department: 9D<br><br>Action filed: April 7, 2011<br>Judge: Hon. David O. Carter |

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE COMPLAINT
Case No. 8:11-cv-00539-DOC-(MLGx)

# TABLE OF CONTENTS

I.    INTRODUCTION...…………….…………..…............................1

II.   FACTUAL BACKGROUND ….…………….…………………....3

III.  ARGUMENT …………………………..……………………..…6

     A.    Motions to Strike are Highly Disfavored and Should Be
Denied if Allegations Have Any Plausible Relevance
to the Case…………..………….…...............................…..6

     B.    Defendants' Attempt to Challenge the Sufficiency
of the Pleading is a Motion to Dismiss Improperly
Brought as a Motion to Strike …………………………7

     C.    Federal Pleading Standards Apply, Not California
State Law Pleading Standards ………………………8

     D.    The Complaint Sufficiently Pleads Entitlement
to Punitive Damages ….……………………………….…10

     E.    Plaintiffs Have Pleaded Entitlement to Punitive
Damages Under California Law …………….....……….…12

     F.    Alternatively, Plaintiffs Should be Granted Leave
to Amend To More Fully Plead the Factual Basis
for Punitive Damages…………………………….....…15

IV.  CONCLUSION   …………….………...………………………16

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE COMPLAINT
Case No. 8:11-cv-00539-DOC-(MLGx)

# TABLE OF AUTHORITIES

## US Cases

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ................................................................................ 11

*Bank Saderat Iran v. Telegen Corp.*,
    1997 WL 685247 (N.D. Cal. Oct 16, 1997) ...................................................... 14
    30 Fed.Appx. 741 (9th Cir. 2002) .................................................................. 14

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .............................................................................. 3,11

*Bledea v. Indymac Fed.*,
    2010 WL 715255 (E.D. Cal. Feb. 25, 2010) ...................................................... 10

*Bureerong v. Uvawas*,
    922 F.Supp. 1450 (C.D. Cal. 1996) .............................................................. 6,7

*Clark v. Allstate*,
    106 F.Supp.2d 1016 (S.D. Cal. 2000) ........................................................... 9,10

*Clark v. State Farm Mut. Auto. Ins. Co.*,
    231 F.R.D. 405 (C.D. Cal. 2005) ................................................................. 9

*Consumer Solutions REO, LLC v. Hillery*,
    658 F.Supp.2d 1002 (N.D. Cal. 2009) ............................................................ 8

*Estate of Migliaccio v. Midland National Life Ins. Co.*,
    436 F.Supp.2d 1095 (C.D. Cal. 2006) ............................................................ 6

*Gompper v. VISX, Inc.*,
    298 F.3d 893 (9th Cir. 2002) .................................................................... 15

*Greenwich Ins. Co. v. Rodgers*,
    729 F.Supp.2d 1158 (C.D. Cal. 2010) ........................................................... 9,11

*In re 2TheMart.com Inc. Sec. Litig.*,
    114 F.Supp.2d 955 (C.D. Cal. 2000) ............................................................. 7

ii

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

*In re GlenFed Sec. Litig.*,
   42 F.3d 1541 (9th Cir. 1994) .................................................................. 9

*Kelley v. Corrections Corp. of Amer.*,
   750 F.Supp.2d 1132 (E.D. Cal. 2010) ...........................................5,6,7

*Koehler v. Pulvers*,
   614 F.Supp. 829 (S.D. Cal. 1985) ...................................................... 14

*Montecino v. Spherio Corp.*,
   427 F.Supp.2d 965 (C.D. Cal. 2006) .................................................... 7

*Morongo Band of Mission Indians v. Rose*,
   893 F.2d 1074 (9th Cir. 1990) ............................................................ 15

*Neveu v. City of Fresno*,
   392 F.Supp.2d 1159 (E.D. Cal. 2005) ...............................................6,7

*Owens v. Kaiser Found. Health Plan, Inc.*,
   144 F.3d 708 (9th Cir. 2001) ............................................................. 15

*Pena v. City Chevrolet*,
   2010 WL 1172249 (S.D. Cal., March 23, 2010)................................... 9

*Polich v. Burlington N., Inc.*,
   942 F.2d 1467 (9th Cir. 1991) ............................................................ 15

*Premiere Innovations, Inc. v. IWAS Industries*, LLC,
   2007 WL 2873442 (S.D. Cal. 2007) ................................................... 15

*RDF Media Ltd. v. Fox Broadcasting Co.*,
   372 F.Supp.2d 556 (C.D. Cal. 2005)..................................................... 7

*Robinson v. Managed Accounts Receivables Corp.*,
   654 F.Supp.2d 1051 (C.D. Cal. 2009).............................................10,11

*Sanchez v. J.C. Penney Properties, Inc.*,
   2007 WL 2221043 (E.D. Cal., July 30, 2007) ................................... 10

iii

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE COMPLAINT
Case No. 8:11-cv-00539-DOC-(MLGx)

*Smith v. National City Mortg.*,
    2010 WL 5477688 (E.D.Cal., December 30, 2010)...........................................10

*Somera v. Indymac Fed. Bank*,
    FSB, 2010 WL 761221 (E.D. Cal. March 3, 2010)............................................10

*Taheny v. Wells Fargo Bank, N.A.*,
    2011 WL 1466944 (E.D. Cal., April 18, 2011)..................................................10

W*alters v. Fidelity Mortg. of CA*,
    730 F.Supp.2d 1185 (E.D.Cal. 2010) ...............................................................15

*Watkinson v. MortgageIT, Inc.*,
    2010 WL 2196083 (S.D. Cal. June 1, 2010). ....................................................10

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) ...........................................................................7,8

*Yamamoto v. Omiya*,
    564 F.2d, 1319 (9th Cir. 1977) ...........................................................................8

**Federal Statutes and Instruments**

Fed. R. Civ. P. Rule 8 .............................................................................10,11

Fed. R. Civ. P. Rule 8(a)..................................................................................9

Fed. R. Civ. P. 9(b) ..................................................................................9,10,11

Fed. R. Civ. P. Rule 12(b)(6).......................................................................6,8,12

Fed. R. Civ. P. Rule 12(f) ...........................................................................6,7,8

Fed. R. Civ. P. Rule 15(a)...............................................................................15

Fed. R. Civ. P. Rule 15(a)(2)...........................................................................15

**State Cases**

*Blegen v. Superior Court*,
    125 Cal.App.3d 959 (1981) .........................................................................12,13

iv

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

*Ferguson v. Lieff, Cabraser, Heimann & Bernstein,*
    30 Cal.4th 1037 (2003) ..................................................................... 13

*Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co.,*
    185 Cal.App.3d 1149 (1986) ........................................................... 12

*Ford Motor Co. v. Home Ins. Co.,*
    116 Cal.App.3d 374 (1981) ............................................................. 13

*George F. Hillenbrand, Inc. v. Insurance Co. of North America*,
    104 Cal.App.4th 784 (2002) ............................................................ 14

*Silberg v. California Life Ins. Co.,*
    11 Cal.3d 452 (1974) ....................................................................... 13

*Smith v. Superior Court,*
    10 Cal.App.4th 1033 (1992) .............................................................. 9

*Taylor v. Superior Court*,
    24 Cal.3d 890 (1979) ....................................................................... 13

*Tomaselli v. Transamerica Ins. Co.,*
    25 Cal.App.4th 1269 (1994) ........................................................... 12

*Virtanen v. O'Connell*,
    140 Cal.App.4th 688 (2006) ........................................................... 14

*Wyatt v. Union Mortgage Co.,*
    24 Cal.3d 773 (1979) ....................................................................... 13

**State Statutes and Instruments**

Cal. *Civ. Code* § 3294 .......................................................................*passim*

Cal. *Civ. Code* § 3294(a) ..................................................................*passim*

**Other Authorities**

2 John J. Kircher & Christine M. Wiseman, *Punitive Damages: Law and Prac.* §
17:11 (2d ed. June 2010) ................................................................. 13

v

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE COMPLAINT
Case No. 8:11-cv-00539-DOC-(MLGx)

**MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO STRIKE
PORTIONS OF PLAINTIFFS' COMPLAINT**

## I.      INTRODUCTION

Plaintiffs Mophie, Inc. ("Mophie") and Daniel Huang (collectively, "Plaintiffs") hereby file this Opposition to the Motion of Defendants Loza & Loza, LLP, Julio Loza and Christina Loza (collectively "Defendants") to strike identified portions of the Complaint relating to Plaintiffs' prayer for punitive damages (the "Motion to Strike").

This action arises from Defendants' multiple breaches of fiduciary duty and acts of malpractice, spanning several years and all aspects of their representation of Mophie and its founder, Daniel Huang.  Mophie is an award-winning independent technology company that designs and manufactures mobile intelligent devices and accessories, such as its signature "Mophie Juice Pack", a portable battery case certified by Apple Inc. for use with i-Phones.

Plaintiffs retained Defendants, who held themselves out as intellectual property specialists, to advise Mophie regarding the development, maintenance and protection of Mophie's intellectual property portfolio.  Over the course of the representation, however, Defendants repeatedly and systematically failed to use such learning, skill, prudence and diligence as members of the legal profession commonly possess and exercise –  including seeking patents in a non-existent entity name, obtaining patents in the name of individuals rather than the company and failing to transfer those patents to the company, failing to prosecute patent applications allowing them to be "abandoned", failing to advise (or even know about) the "on-sale" bar in connection with patent applications, and advising Plaintiffs to undertake inappropriate measures to enforce their patents without advising them of the risks associated with those risky strategies.

Not only did Defendants engage in a willful pattern of conduct so grossly

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE COMPLAINT
Case No. 8:11-cv-00539-DOC-(MLGx)

negligent as to show an utter disregard for the consequences to Plaintiffs and their intellectual property portfolio, they misrepresented the facts of their conduct to Plaintiffs and failed to advise them of adverse actions by the Patent Office in an attempt to conceal their wrongdoing, exposing Plaintiffs and their intellectual property to economic risk.  To be sure, this case involves much more than the "garden variety professional negligence" case Defendants attempt to cast it as; Defendants acted with a conscious and deliberate disregard of the interests and rights of Plaintiffs.  In such circumstances, California law allows punitive damages.

By this Motion to Strike, brought pursuant to Rule 12 of the Federal Rules of Civil Procedure (the "Federal Rules"), Defendants seek dismissal of Plaintiffs' prayer for punitive damages.  Rule 12(f) motions to strike are extremely disfavored and should be denied by the Court where, as here, there is any possibility that the allegations may be relevant to the proceedings, and where discovery had not been conducted.  Without question Plaintiffs' claim for punitive damages is *relevant*, it is based upon the conduct which forms the basis for the causes of action asserted in the Complaint.  Plaintiffs' use of a Rule 12(f) motion to strike to challenge the sufficiency of the pleadings is procedurally improper: Defendants' challenge to the punitive damages claim should have been brought under Rule 12(b)(6).  For that reason alone, the Motion to Strike should be denied.

On the merits, Defendants mistakenly argue that the Court should apply California pleading standards to assess the sufficiency of the Complaint's punitive damages allegations.  It is well- established, however, that the pleading standards of Federal Rules 8 and 9 govern complaints filed in Federal courts.  The federal pleading standards applicable to this case require only a "short and plain" statement of the claims, and allow conditions of mind, such as knowledge and malice, to be alleged generally.  The Complaint squarely meets these standards.

Indeed, the Complaint's general allegations are supported by specific, detailed allegations providing "enough heft" to support a punitive damages claim,

SCHWARCZ, RIMBERG, BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, Ca 90048

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE COMPLAINT
Case No. 8:11-cv-00539-DOC-(MLGx)

1    as instructed by the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*,

2    550 U.S. 544, 557 (2007). Plaintiffs' allegations present a factual scenario that, if

3    proven at trial, fall well within the accepted parameters for the award of punitive

4    damages under California state law, and meets the federal pleading standards for

5    pleading Plaintiffs' entitlement to such damages. Accordingly, the Motion to Strike

6    should be denied.

7         Finally, in the event the Court is inclined to grant the Motion to Strike,

8    Plaintiffs seek leave to file an amended claim more fully specifying the factual

9    bases for their claims for punitive damages.

10   **II.    FACTUAL BACKGROUND**

11        This action arises from Defendants' multi-year representation of Plaintiffs'

12   intellectual portfolio, including their patent and trademark applications and

13   enforcement. During the course of the representation, Defendants repeatedly and

14   systematically failed to comply with the standards of knowledge and care of a

15   reasonable patent attorney practicing in the area, causing harm to Plaintiffs and

16   their intellectual property portfolio. Defendants' conduct was more than merely

17   negligent, however, it was pervasive and outrageous, including: filing patent

18   applications in incorrect entity names; filing for patents in the names of individuals

19   and "forgetting" to transfer them to the company; failing to understand, advise

20   Plaintiffs of, or honor the "on-sale" bar to patent applications; failing to understand

21   or advise Plaintiffs of the consequences of their improperly aggressive "cease and

22   desist" letters which were sure to, and did, provoke declaratory judgment actions

23   being filed against Plaintiffs. Most egregiously, though, Defendants deceived

24   Plaintiffs regarding the adverse effects of their conduct, in one instance failing to

25   inform Plaintiffs that a patent application had been "abandoned" due to Defendants'

26   botched application and defense; and in another outright misrepresenting to

27   Plaintiffs that patents had been transferred from Plaintiff Huang to the company,

28   when they had, in fact, not been transferred.

SCHWARCZ, RIMBERG, BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE COMPLAINT
Case No. 8:11-cv-00539-DOC-(MLGx)

The Complaint's three causes of action each relate to multiple instances of Plaintiffs' breaches and negligent and/or intentional malfeasance:

The breach of fiduciary duty claim arises from Plaintiffs' (a) failure to provide a written retainer and fee agreement, (b) failure to advise Plaintiffs of potential conflicts of interests posed by Defendants' dual representation of both Plaintiffs; (c) failure to advise Plaintiffs that the trademark application filed by Defendants on its behalf was "abandoned"; (d) failure to advise Plaintiffs regarding the issues of inventorship and ownership of patents before filing patent applications on behalf of Plaintiff Huang; (e) failure to advise Plaintiffs that they were filing patent applications on behalf of Plaintiff Huang instead of Plaintiff Mophie; (f) failure to inform Plaintiffs that they had failed to to prepare and file written documentation of transfer of patents from Plaintiff Mophie to Plaintiff Huang; (g) failure to advise regarding the "On-Sale" statutory bar for patent applications; (h) failure to advise of the risks associated with the aggressive "cease and desist" letters prepared by Defendants, including that they would be likely to precipitate costly declaratory judgment actions against Plaintiffs seeking determinations of non-infringement and invalidity of the asserted patents; and (i) failure to maintain Plaintiffs' files in a professionally organized and complete manner.  See Complaint ¶ 76; also ¶¶ 16-17, 21-22, 38-45, 47-50, 57, 60-61, 67-68.

The Complaint also asserts a cause of action for legal malpractice arising from Defendants' representation of Plaintiffs' intellectual property portfolio, which is based upon several acts of malpractice, including: (a) incompetently handling Mophie's "Juice Pack" trademark registration application, allowing the application to be deemed "abandoned" and failing to advise Mophie to seek registration of a trademark for "Mophie Juice Pack"; (b) filing applications for registration of nine of Mophie's trademarks in the name of a non-existent corporate entity; (c) failing to advise Plaintiffs of potential conflicts of interest and legal ramifications of Defendants' filing of the '897 and '262 Patent Applications in the name of Plaintiff

-4-

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE COMPLAINT
Case No. 8:11-cv-00539-DOC-(MLGx)

Huang rather than Plaintiff Mophie; (d) incompetently handling the '360 and '361 Design Patent issues, including by failing research, understand and advise Plaintiffs regarding the On-Sale statutory bar and failing to research, advise and properly prepare patent applications with respect to inventorship issues, and failing to transfer the Design Patents to Mophie.  See Complaint ¶ 83; also ¶¶ 35-46, 47-51, 52-64.

The Complaint's third cause of action, for legal malpractice, arises from Defendants' improper issuance of overly aggressive "cease and desist" letters and the litigations resulting therefrom, including: (a) incompetently advising Plaintiffs to assert infringement claims based upon Design Patents; (b) incompetently preparing inappropriately aggressive and threatening "cease and desist" letters; (c) failing to research and analyze the likelihood that the aggressive and threatening "cease and desist" letters would provoke declaratory judgment actions against Plaintiffs; (d) failing to advise Plaintiffs of the likelihood that the "cease and desist' letters would provoke declaratory judgment actions against Plaintiffs; (e) issuing "cease and desist" letters that mistakenly identify Mophie as the owner of the '360 and '361 Design Patents; and (f) incompetently advising Mr. Huang to have prepared and filed on his behalf an unnecessary patent infringement action against Mophie's competitors based upon the limited Design Patents. See Complaint ¶ 95; also ¶¶ 18-34.

Defendants' conduct – in all instances outrageously negligent, but in some clearly intentional, deceptive and designed to protect themselves and further their own interests at Plaintiffs' expenses and to their detriment  – rises to the level of unconscionable, fraudulent, oppressive, and malicious.  Accordingly, the Complaint seeks punitive damages in connection with each of the three causes of action asserted therein.

## III.   **ARGUMENT**

Defendants have not contested the jurisdiction of this Court, nor have they

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE COMPLAINT
Case No. 8:11-cv-00539-DOC-(MLGx)

1  challenged the sufficiency of the complaint through a motion pursuant to Rule

2  12(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules").  Defendants'

3  sole challenge to the Complaint consists of this Motion seeking to strike those

4  portions of the Complaint asserting prayers for punitive damages.

5         As a threshold matter, the motion is procedurally improper as a Rule 12(f)

6  motion to strike cannot be used to challenge punitive damages claims.  Further,

7  Defendants mistakenly attempt to apply California state law's heightened pleading

8  requirements for punitive damages claims, instead of the more liberal pleading

9  standards under Federal Rules 8 and 9 that apply in Federal Court.  Under these

10  standards – indeed, even under the heightened California standards – the Complaint

11  alleges facts sufficient to assert Plaintiffs' entitlement to punitive damages.  For

12  these reasons, the motion to strike must be denied.  Finally, should the Motion be

13  granted, at this initial stage of the case, Plaintiffs should be allowed leave to amend

14  the Complaint in order to plead with more particularity the factual bases for their

15  punitive damages claims.

16     **A.**     **Motions to Strike are Highly Disfavored and Should Be Denied if**

17             **Allegations Have Any Plausible Relevance to the Case**

18         Defendants have styled this challenge to Plaintiffs' Complaint as a motion

19  pursuant to Federal Rule 12(f), which provides that the Court may strike from a

20  pleading "an insufficient defense or any redundant, immaterial, impertinent, or

21  scandalous matter."  Fed. R. Civ. P. 12(f).  "Because of 'the limited importance of

22  pleadings in federal practice,' motions to strike pursuant to Rule 12(f) are

23  disfavored" and are infrequently granted.  *Estate of Migliaccio v. Midland National*

24  *Life Ins. Co.*, 436 F.Supp.2d 1095, 1100 (C.D. Cal. 2006) (citing *Bureerong v.*

25  *Uvawas*, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996)); *Neveu v. City of Fresno*, 392

26  F.Supp.2d 1159, 1170 (E.D. Cal. 2005).  Federal courts rarely grant motions to

27  strike because they are "often used as delaying tactics" and they contravene the

28  policy disfavoring "resolution on the merits" at the pleadings stage.  *RDF Media*

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE COMPLAINT
Case No. 8:11-cv-00539-DOC-(MLGx)

1    *Ltd. v. Fox Broadcasting Co.*, 372 F.Supp.2d 556, 561 (C.D. Cal. 2005) (citing

2    *Bureerong*, 922 F. Supp. at 1480).

3         Thus, a motion to strike should be denied "if any doubt exists whether the

4    allegations in the pleadings might be relevant in the action." *Montecino v. Spherio*

5    *Corp.*, 427 F.Supp.2d 965, 967 (C.D. Cal. 2006) (citing *In re 2TheMart.com Inc.*

6    *Sec. Litig.*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000); *Neveu*, 392 F.Supp.2d at

7    1170 (motion to strike should not be granted unless it is clear that the matter to be

8    stricken could have no possible bearing on the subject matter of the litigation).

9         Here, Defendants do not assert that the Complaint's demand for punitive

10   damages is an "insufficient defense"; nor do Defendants argue that the proposed

11   language to be stricken is either "redundant," "immaterial," "impertinent" or

12   "scandalous." *See* Federal Rule 12(f).  Moreover, Defendants cannot demonstrate

13   that Plaintiffs' request for punitive damages is not "relevant" to the claims upon

14   which it is based.  *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th

15   Cir. 2010) ("The claim for damages is not immaterial, because whether these

16   damages are recoverable relates directly to the plaintiff's underlying claim for relief

17   . . . the claim for damages is not impertinent, because whether these damages are

18   recoverable pertains directly to the harm being alleged."). Rule 12(f) provides no

19   grounds for the punitive damages claims to be stricken from the Complaint.

20   **B.    Defendants' Attempt to Challenge the Sufficiency of the Pleading**

21   **is a Motion to Dismiss Improperly Brought as a Motion to Strike**

22        Defendants' motion appears to be based entirely on the argument that

23   Plaintiffs have not sufficiently pled facts entitling them to punitive damages under

24   California Civil Code, Section 3294 ("Section 3294").  This argument is not

25   properly presented via a Rule 12(f) motion to strike, and should be denied.

26        "The proper procedural vehicle to challenge the sufficiency of factual

27   allegations in a complaint is through Rule 12(b)(6) not Rule 12(f)." *Consumer*

28   *Solutions REO, LLC v. Hillery*, 658 F.Supp.2d 1002, 1020 (N.D. Cal. 2009); *Kelley*

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE COMPLAINT
Case No. 8:11-cv-00539-DOC-(MLGx)

1  *v. Corrections Corp. of Amer.*, 750 F.Supp.2d 1132, 1146 (E.D. Cal. 2010) (where

2  defendant challenged sufficiency of punitive damages claims without any argument

3  that the claims are redundant, immaterial, impertinent or scandalous, "[d]efendant's

4  resort to Rule 12(f) is misplaced"); *Pena v. City Chevrolet*, 2010 WL 1172249, *2

5  (S.D. Cal., March 23, 2010) ("To the extent that [defendant] challenges the

6  sufficiency of the factual allegations underlying the claims for punitive damages,

7  the proper medium is a motion to dismiss under Rule 12(b)(6), not Rule 12(f)).

8      This is a not a distinction without a difference, as the two motions have

9  different standards for granting and for review on appeal.  *See Whittlestone, Inc. v.*

10  *Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010).  Accordingly, the Ninth Circuit, in

11  *Whittlestone*, held that Rule 12(f) does not authorize district courts to strike claims

12  for damages on the ground that they are precluded as a matter of law.  *Whittlestone*,

13  618 F.3d at 974 (citing *Yamamoto v. Omiya*, 564 F.2d, 1319, 1327 (9th Cir. 1977)

14  ("Rule 12(f) is neither an authorized nor a proper way to procure the dismissal of all

15  or a part of a complaint.").  Thus, a Rule 12(f) motion cannot be used to strike a

16  prayer for punitive damages on the grounds that the complaint fails to state a factual

17  basis upon which such damages can be awarded.  For this reason alone, Defendants'

18  procedurally improper Motion to Strike must be denied.

19      **C.    Federal Pleading Standards Apply, Not California State Law**

20          **Pleading Standards**

21      Defendants' sole challenge to the punitive damages claims is the argument

22  that the allegations of the Complaint fail to meet the California state law pleading

23  requirements set forth in California Civil Code Section 3294 ("Section 3294").

24  Section 3294 authorizes punitive damages against a tortfeasor who is guilty of

25  "oppression, fraud or malice, express or implied."  Cal. Civ. Code § 3294(a).  To

26  the extent that Defendants rely upon Section 3294 to establish a pleading standard

27  for punitive damages claims, such standard applies only to complaints filed in state

28  court and is not implicated in a federal court.  *Smith v. Superior Court,* 10

- 8 -

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE COMPLAINT
Case No. 8:11-cv-00539-DOC-(MLGx)

Cal.App.4th 1033, 1041 (1992).

Federal Rule 8(a) requires only that Plaintiff's Complaint include "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief, and ... a demand for judgment for the relief [he] seeks." Fed. R. Civ. P. Rule 8(a). Moreover, under Rule 9(b), "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *Clark v Allstate*, 106 F.Supp.2d, 1016, 1018 (S.D. Cal. 2000); *Greenwich Ins. Co. v. Rodgers,* 729 F.Supp.2d 1158, 1164 (C.D. Cal. 2010) ("With respect to the malice necessary to support a claim for punitive damages, a conclusory pleading is sufficient."). In the Ninth Circuit, plaintiffs need not plead "any particularity in connection with an averment of intent, knowledge or condition of the mind." *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir. 1994).

"Where state law directly conflicts with applicable provisions of the Federal Rules of Civil Procedure, federal courts must apply the Federal Rules – not state law." *Clark v. Allstate*, 106 F.Supp.2d at 1018; *Clark v. State Farm Mut. Auto. Ins. Co.,* 231 F.R.D. 405, 406 (C.D. Cal. 2005) (noting that "[w]hile California law governs Plaintiff's substantive claim for punitive damages under [Section 3294], the Federal Rules [] govern the punitive damages claim procedurally with respect to the adequacy of pleadings."). Accordingly, "although Section 3294 provides the governing substantive law for punitive damages, California's heightened pleading standard irreconcilably conflicts with Rules 8 and 9 of the Federal Rules of Civil Procedure – the provisions governing the adequacy of pleadings in federal court." *Clark v. Allstate,* 106 F.Supp.2d at 1018; *Greenwich,* 729 F.Supp.2d at 1164 (general allegations of malice are sufficient to assert claim for punitive damages in federal court complaint, noting that the "[p]leading standards of California state courts are irrelevant here . . ." ); *Robinson v. Managed Accounts Receivables Corp.*, 654 F.Supp.2d 1051, 1066 (C.D. Cal. 2009) ("[T]he fact that California courts may impose a heightened pleading requirement on claims for punitive damages is

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE COMPLAINT
Case No. 8:11-cv-00539-DOC-(MLGx)

irrelevant, because such a requirement conflicts with federal procedural law.").[1]

## D.   The Complaint Sufficiently Pleads Entitlement to Punitive Damages

Pursuant to Federal Rules 8 and 9(b), in order to state a claim for punitive damages, the Complaint need only include a "short and plain" prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent." *Clark v. Allstate*, 106 F.Supp.2d at 1019.

The Complaint amply satisfies this requirement with the very paragraphs Defendants seek to strike, which read:

> The conduct of Defendants, and each of them, as alleged above, was grossly negligent, unconscionable, fraudulent, oppressive, malicious and done intentionally or in conscious disregard of Plaintiffs' rights and Defendants' fiduciary obligations, and in order to protect themselves and further their own interests at Plaintiffs' expenses and to their detriment, so as to justify an award of punitive damages.

Complaint, ¶¶ 78, 90, 101.  Under Federal Rules 8 and 9(b), these general allegations are adequate to plead the mental state required to merit punitive damages under Section 3294.  *See, e.g., Greenwich*, 729 F.Supp. at 1164 ("Defendant has alleged malice generally.  That is all that is required under federal

---

1   Numerous unpublished cases addressing the specific issue of the pleading requirements where Plaintiffs seek punitive damages upon state law causes of action brought in Federal Courts in California have determined that the heightened pleading requirements of Section 3294 do not apply in Federal Court.  *See, e.g.,Taheny v. Wells Fargo Bank, N.A.*, 2011 WL 1466944, *3-4 (E.D. Cal., April 18, 2011); *Smith v. National City Mortg.*, 2010 WL 5477688, *7 (E.D.Cal., December 30, 2010) (Denying motion to strike on grounds that, since plaintiff's fraud claims could possibly support punitive damages, the complaint's request for punitive damages "could bear on the litigation."); *Watkinson v. MortgageIT, Inc.*, 2010 WL 2196083 (S.D. Cal. June 1, 2010) (same); *Somera v. Indymac Fed. Bank, FSB*, 2010 WL 761221, * (E.D. Cal. March 3, 2010) ("Under federal pleading standards, defendant's argument that plaintiff must plead specific facts to support allegations for punitive damages is without merit."); *Bledea v. Indymac Fed.*, 2010 WL 715255 (E.D. Cal. Feb. 25, 2010) (Section 3294 "is a state procedural rule not implicated here" in federal court); *Sanchez v. J.C. Penney Properties, Inc.*, 2007 WL 2221043, * 3 (E.D. Cal., July 30, 2007) (California's heightened pleading standards for punitive damages conflict with federal procedural rules, and therefore do not apply in federal court).          - 10 -

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE COMPLAINT
Case No. 8:11-cv-00539-DOC-(MLGx)

pleading standards."); *Robinson,* 654 F.Supp.2d at 1066 (complaint's allegation that defendant called plaintiff at work "not only with knowledge that she was prohibited from doing so, but also with intent to cause harm to Plaintiff" "more than meets the minimal requirement of conclusory assertions").

While the general allegations of the Complaint's punitive damages prayers satisfy federal pleading standards set forth in Rule 8 and 9(b), the Complaint also contains ample specific factual allegations that provide "enough heft" to show that the Plaintiffs are entitled to relief, and that the allegations are not "largely groundless" claims. *See Twombly,* 550 U.S. at 557.

The Complaint includes more than fifty paragraphs of detailed factual allegations, setting forth multiple instances of Defendants' breaches of fiduciary duty, grossly negligent legal work and their failure to exercise the standard of knowledge and care of a reasonable patent attorney, in disregard for and to the detriment of Plaintiffs' rights. Included among Defendants' malfeasance are at least two instances in which Defendants engaged in deceptive conduct designed to conceal their malfeasance from Plaintiffs, to Plaintiffs' detriment: (a) Defendants attempted to conceal their incompetence by failing to inform Plaintiffs that their patent applications had been "abandoned" by Defendants and (b)Defendants outright misrepresented that they had transferred patents that were mistakenly applied for in Plaintiff Huang's name to the Company, when in fact Defendants had never prepared the documentation for the transfer. *See, e.g.*, Compl. ¶¶ 60-61, 35-46.

These specific factual allegations flesh-out the general allegations found in the paragraphs praying for punitive damages, demonstrating that the Complaint does not offer merely "labels and conclusions," nor does it "tender naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Accordingly, the Complaint has amply met the federal pleading standards applicable in this action.

- 11 -

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE COMPLAINT
Case No. 8:11-cv-00539-DOC-(MLGx)

### E.     Plaintiffs Have Pleaded Entitlement to Punitive Damages Under California Law

Indeed, the specificity of the Complaint leaves no doubt that Plaintiffs have pleaded their entitlement to punitive damages sufficiently to satisfy even the heightened California state law requirements of Section 3294.[2]   Contrary to the extremely narrow reading Defendants would give to Section 3294, pursuant to California state law, "punitive damages are appropriate if the defendant's acts are reprehensible, fraudulent or in blatant violation of law or policy. . . .   Punitive damages are proper only when the tortious conduct rises to levels of extreme indifference to the plaintiff's rights, a level which decent citizens should not have to tolerate." *Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co.*, 185 Cal.App.3d 1149, 1154, 230 Cal.Rptr. 276 (1986) (citing *Tomaselli v. Transamerica Ins. Co.*, 25 Cal.App.4th 1269, 1287, 31 Cal.Rptr.2d 433 (1994). Where the conduct alleged shows an entitlement to punitive damages, the specific labels "willful," "fraudulent," "malicious" and "oppressive" are not necessary. *Blegen v. Superior Court*, 125 Cal.App.3d 959, 963-64, 178 Cal.Rptr. 470 (1981) (vacating trial court's grant of motion to strike punitive damages claim, finding factual allegations sufficient allege attorney's conscious disregard of petitioner's safety).

Punitive damages are available under California law in actions for attorney malpractice, if the attorneys, themselves, are guilty of oppression, fraud, or malice. *Ferguson v. Lieff, Cabraser, Heimann & Bernstein*, 30 Cal.4th 1037, 135 Cal.Rptr.2d 46 (2003); 2 John J. Kircher & Christine M. Wiseman, *Punitive*

---

2     Because Defendants have not brought this motion pursuant to Rule 12(b)(6), the Court should not consider whether the Complaint states a claim for punitive damages under California state law.  The following discussion is intended merely to demonstrate that Defendants have presented an unduly narrow description of the range of conduct that can justify an award of punitive damages under Section 3294, and that the allegations of the Complaint, if proven at trial, would justify an award of punitive damages pursuant to Section 3294.  Should the Court determine to convert this motion to a Rule 12(b)(6) motion, Plaintiffs request an opportunity to present a more thorough analysis of the issue through additional briefing.

SCHWARCZ, RIMBERG, BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE COMPLAINT
Case No. 8:11-cv-00539-DOC-(MLGx)

*Damages: Law and Prac.* § 17:11 (2d ed. June 2010) ("When tantamount to fraud, attorney misconduct will often support an award of punitive damages irrespective of actual malice.").  Punitive damages are appropriate when the attorney's conduct exhibited "conscious disregard" for the plaintiff's rights in connection with the representation.  *See, e.g., Blegen,* 125 Cal.App.3d 959 (attorney's advice to client to forgo surgery pending resolution of case in order to increase monetary value of medical malpractice claims demonstrated conscious disregard for plaintiff's safety sufficient to sustain claim for punitive damages); *Superior Dispatch, Inc. v. Insurance Corp. of New York*, 97 Cal.Rptr.3d 533 (2009) (finding court erred in striking punitive damages claim where facts alleged described "a conscious disregard for [plaintiff's] rights in connection with the making of the insurance policy and the investigation and denial of its claim, from which the jury could infer "oppression.""); *Silberg v. California Life Ins. Co.*, 11 Cal.3d 452, 462, 113 Cal.Rptr. 711 (1974) (punitive damages appropriate where the defendant acts "with a conscious disregard of the plaintiff's rights.").  In the case of non-intentional torts, such as the breaches of fiduciary duty and malpractice alleged in this case, punitive damages may be awarded when a party intentionally performs an act from which he knows, or should know, it is highly probable harm will result."  *Ford Motor Co. v. Home Ins. Co.*, 116 Cal.App.3d 374, 381, 172 Cal.Rptr. 59 (1981).  "There must be circumstances of . . . such a conscious and deliberate disregard of the interests of others that his conduct may be called willful or wanton."  *Taylor v. Superior Court*, 24 Cal.3d 890, 894-895, 157 Cal.Rptr. 693 (1979).

Under California law, punitive damages are recoverable in fraud actions involving intentional misrepresentations, as in this case.  *Wyatt v. Union Mortgage Co.*, 24 Cal.3d 773, 790 (1979) (mortgager's conspiracy to breach fiduciary duties to borrowers by concealing late charge policy for purpose of generating income supported award of punitive damages).  Punitive damages are also appropriate for breaches of fiduciary duty.  *See, e.g., Bank Saderat Iran v. Telegen Corp.*, 1997 WL

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE COMPLAINT
Case No. 8:11-cv-00539-DOC-(MLGx)

685247 (N.D.Cal. Oct 16, 1997) (attorney's breach of fiduciary duties to borrower by failing to disclose ownership interest in loan broker or his concurrent representation of lender merited award of punitive damages under California state law because defendant used his position as a lawyer to take advantage of clients for personal financial gain) (remanded on appeal for determination of issue under New York law, 30 Fed.Appx. 741 (9th Cir. 2002); *George F. Hillenbrand, Inc. v. Insurance Co. of North America*, 104 Cal.App.4th 784, 819-820 (2002) (malice supporting punitive damages may be inferred from insurer's filing of frivolous lawsuits against its insured for improper purposes); *Koehler v. Pulvers*, 614 F.Supp. 829 (S.D. Cal. 1985) (evidence supported award of punitive damages under Section 3294 against financial advisors who breached fiduciary duties to investors by taking advantage of unsophisticated, trusting clients with overarching motive to generate commissions with "malicious" disregard for the risk at which they placed investors' savings); *Virtanen v. O'Connell*, 140 Cal.App.4th 688, 44 Cal.Rptr.3d 702 (2006) (reversing denial of retrial where evidence that escrow agent breached fiduciary duty to purchaser by closing escrow despite knowledge of dispute as to his authority, in violation of duty to purchaser sufficiently demonstrates a conscious and deliberate disregard for plaintiff's rights justifying award of punitive damages).

The Complaint alleges a pattern of behavior engaged in by Defendants that evinces a conscious and deliberate disregard of Plaintiffs' rights.  That Defendants held themselves out as experts in intellectual property law, and then so severely mishandled the portfolio through gross neglect, active mistakes, and general lack of understanding of the legal issues renders their "so severe and shocking" that it should be accorded the same treatment as intentional conduct.  Moreover, it is undeniable that Defendants knowingly and intentionally concealed from Plaintiffs that the "Juice Pack" application had been deemed "abandoned" and misrepresented that the Design Patents had been transferred when, in fact, they had not, and that these representations were made with an intent to conceal their own

1   mistakes, even though they know – or should have known – that Plaintiffs would be

2   harmed by the misinformation.

3          Accordingly, the Complaint alleges factual scenarios which, under California

4   Section 3294, would entitle them to an award of punitive damages.  *See, e.g.*,

5   W*alters v. Fidelity Mortg. of CA*, 730 F.Supp.2d 1185, 1212 (E.D.Cal. 2010)

6   (denying motion to strike punitive damages where plaintiff alleged that defendants'

7   conduct constituted "an unlawful, deceptive, systematic and continuous scheme and

8   pattern of fraud, wrongful conduct and abuse."); *Premiere Innovations, Inc. v.*

9   *IWAS Industries*, LLC, 2007 WL 2873442 (S.D. Cal. 2007) (complaint's general

10  allegations, in connection with fraud and misappropriation of trade secrets claims,

11  that Defendants' conduct was "malicious, oppressive, and/or fraudulent," are

12  sufficient to support a prayer for punitive damages).  The Motion to Strike should,

13  therefore, be denied.

14      **F.     Alternatively, Plaintiffs Should be Granted Leave to Amend To**

15              **More Fully Plead the Factual Basis for Punitive Damages**

16          As a general rule, leave to amend a complaint should be freely granted.  Fed.

17  R.Civ.P. 15(a).  Accordingly, courts are free to grant a party leave to amend

18  whenever "justice so requires" (Fed. R.Civ.P. 15(a)(2)), and requests for leave

19  should be granted with "extreme liberality."  *Owens v. Kaiser Found. Health Plan,*

20  *Inc.*, 144 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians*

21  *v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).  "'Dismissal without leave to amend

22  is improper unless it is clear . . . that the complaint could not be saved by any

23  amendment.'"  *Gompper v. VISX, Inc.,* 298 F.3d 893, 898 (9th Cir. 2002) (quoting

24  *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).

25          Here, if proven at trial, the fraudulent and deceptive conduct on the part of

26  Defendants alleged by the Complaint could support an award of punitive damages.

27  In the event the Court determines that the factual allegations of the Complaint do

28  not, as currently stated, satisfy federal pleading standards or otherwise present

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, Ca 90048

1   sufficient factual basis for a punitive damages award, Plaintiffs should be permitted

2   leave to amend these allegations to provide the additional detail which would

3   satisfy such pleading requirements.  The policy disfavoring resolution on the merits

4   at the pleading stages similarly advocates that, where there is any possibility that

5   the conduct alleged may support Plaintiff's legal claims, leave should be granted to

6   avoid loss of potentially meritorious claims due to technical errors.  Accordingly,

7   Plaintiffs request leave to amend to more fully allege the basis for the request for

8   punitive damages.

9   IV.   **CONCLUSION**

10      For the reasons set forth, Defendants' Motion to Strike should be denied.

11

12

13   Dated: May 16, 2011              SCHWARCZ, RIMBERG, BOYD &
                                      RADER, LLP
14

15

16                                   By:____/s/Kathryn Lee Boyd___
                                        Kathryn Lee Boyd, Esq.
17                                      Attorneys for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28