| | |
|---|---|
| Case No. SA CV 11-00539 DOC (MLGx) | Date: July 25, 2011 |

Title: MOPHIE INC., ET AL. v. LOZA & LOZA LLP, ET AL.

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| <u>Julie Barrera</u> | <u>Not Present</u> |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT  NONE PRESENT

PROCEEDING (IN CHAMBERS): DENYING DEFENDANT LOZA & LOZA'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT

       Defendants Julio Loza and Christina Loza bring the present Motion to Strike Portions of Plaintiffs' Complaint ("Motion") in the above-captioned case (Docket 6). After reviewing the moving, opposing, and replying papers, the Court DENIES the Motion for the reasons stated below.

    **I.    BACKGROUND**

       Plaintiff Daniel Huang ("Huang"), along with others, formed mStation Audio LLC ("mStation"), a company that specializes in designing and manufacturing Apple iPod speakers and ports. Complaint, ¶ 12. In 2007, mStation acquired Plaintiff Mophie Inc. ("Mophie"), a manufacturer of mobile intelligent devices and accessories, namely the innovative "Mophie Juice Pack," a portable battery case for Apple iPhones. *Id.* at ¶ 11-12. At this time, Huang retained Julio Loza and Christina Loza (collectively, "Defendants"), who advertised themselves as intellectual property experts, to advise Mophie regarding intellectual property issues and his own interests in the company. *Id.* at ¶ 13-16. Defendants allegedly failed to provide Mophie or Huang (collectively, "Plaintiffs") with written retainers or fee agreements and failed to obtain waivers acknowledging a potential conflict of interest for Huang and Mophie being represented by the same attorneys. *Id.* at ¶ 17. Plaintiffs allegedly instructed Defendants to file patents under the company's name Mophie, but Defendants filed these patents under Huang's name. *Id.* at ¶¶ 24, 38. When this mistake was revealed, Defendants represented to Plaintiffs that they would transfer the rights from Huang to Mophie, but failed to take

adequate steps to complete the transfer. *Id.* at ¶ 44.

Plaintiffs allege that in Spring 2010, they identified several competing products that potentially infringed their patents and notified Defendants that any strategy for addressing the possible infringement should be accomplished in a "conservative and cautious" manner. *Id.* at ¶ 20. Plaintiffs allege that Defendants nonetheless delivered four "patently aggressive" cease and desist letters that threatened the recipients that they would file suit and seek temporary restraining orders, preliminary injunctions, monetary damages, and attorneys' fees. *Id.* at ¶ 20. Defendants did not provide Plaintiffs with drafts of these letters or counsel them on their ramifications, namely the fact that such aggressive language allows the recipient to file for declaratory judgment. *Id.* at ¶ 21. Furthermore, Plaintiffs aver that Defendants' attempt at protecting Plaintiffs' intellectual property occurred before Defendants had secured protection for both the design and utility of the products, thus exposing Plaintiffs to legal challenges to the validity of the design patents they had already acquired. *Id.* at ¶ 23. As a result of these letters, two competitors sued Mophie for declaratory judgments of non-infringement and invalidity of the design patents. *Id.* at ¶ 27-34. Defendants allegedly made further mistakes in protecting Plaintiffs' intellectual property by filing trademark and patent applications incorrectly. *Id.* at ¶¶ 55, 63.

Plaintiffs aver that Defendants engaged in legal malpractice and breached a fiduciary duty to Plaintiffs by failing to adequately advise Plaintiffs regarding intellectual property disputes, including improperly filing trademark applications and sending aggressive cease and desist letters to potential competitors without explaining the letters' ramifications to Plaintiffs. *Id.* at ¶¶ 75-76, 83, 95. Plaintiffs allege that Defendants' conduct was "grossly negligent, unconscionable, fraudulent, oppressive, malicious and done intentionally or in conscious disregard of Plaintiffs' rights and Defendants' fiduciary obligations." *Id.* at ¶¶ 78, 90, 101.

Defendants filed the present Motion to Strike Portions of Plaintiffs' Complaint on April 29, 2011 (Docket 6), arguing that Plaintiffs have not alleged the malice, oppression, and fraud necessary for a punitive damages claim. Motion, 4.

## II. LEGAL STANDARDS

### A. Motion to Strike, Rule 12(f)

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Friedman v. 24 Hour Fitness USA, Inc.*, 580 F. Supp. 2d 985, 990 (C.D. Cal. 2008) (internal quotation marks and citation omitted). The Ninth Circuit has defined "immaterial" matter as "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*,

984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citation omitted), *rev'd on other grounds*, 510 U.S. 517 (1994).  Similarly, "impertinent" refers to allegations that are not responsive or relevant to the issues involved in the action and which could not be admitted as evidence in the action. *Id.*  As indicated by the language of the rule, "[t]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . " *Id.*

Motions to strike are generally disfavored because of the limited importance of pleading in federal practice and because such motions often are used as a delay tactic.  *See, e.g. Securities and Exchanges Comm'n v. Levin*, 232 F.R.D. 619, 624 (C.D. Cal. 2005).  However, the court may grant a motion to strike where it is clear that the matter to be stricken has no possible bearing on the subject matter of the litigation.  *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1209 (C.D. Cal., 2008) (citing *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992)).  Before granting a motion to strike, courts often require a showing of prejudice by the moving party.  *Levin*, 232 F.R.D. at 624.  In considering a motion to strike, the court views the pleadings in the light most favorable to the non-moving party and resolves any doubt as to the relevance of the challenged allegations in favor of the plaintiff.  *Id.*

### B. Motion to Dismiss, Rule 12(b)(6)

Under Fed. R. of Civ. P. 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted.  Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct.  *Id.* at 1949.  If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed.  *Id.*  Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief.  *Id.* at 1950.  Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense.  *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).  However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment.  *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the

12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

### III. DISCUSSION

As explained below, the Court chooses to analyze Defendants' Motion to Strike is analyzed under the Rule 12(b)(6) standard, as it addresses the sufficiency of pleadings. Because Plaintiffs sufficiently alleged facts in their Complaint to state a claim for punitive damages, Defendants' Motion to Strike is DENIED.

#### A. Procedurally Improper Motion to Strike

Defendants argue that paragraphs 78, 90, 101 and the prayer for punitive damages should be stricken from the Complaint because Plaintiffs have not alleged the malice, oppression, and fraud necessary for a punitive damages claim. Motion, 4. These paragraphs, which are included under the breach of fiduciary duty and legal malpractice causes of action, state that Defendants' conduct was "grossly negligent, unconscionable, fraudulent, oppressive, malicious, and done intentionally or in conscious disregard of Plaintiffs' rights and Defendants' fiduciary obligations." Complaint, ¶¶ 78, 90, 101. Plaintiffs assert their claim for punitive damages based on these allegations. Complaint, Prayer for Relief. Plaintiffs counter that Defendants' Motion is procedurally improper and should have been brought as a Motion to Dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Opposition to Defendants' Motion to Strike Portions of Plaintiffs's Complaint ("Opposition"), 2.

The Court agrees that the Motion is not properly brought as a motion to strike. Defendants do not argue that the language they wish to strike is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). The thrust of Defendants' argument challenges the sufficiency of the pleadings. Indeed, Defendants rely on the *Iqbal/Twombly* standard in their Motion, which, as discussed above, addresses pleading sufficiencies. Instead of requesting Defendants to re-file the present Motion as a Motion to Dismiss, however, the Court, in the interest of judicial economy, will analyze the present Motion under Rule 12(b)(6). *See Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d. 1002, 1021 (N.D. Cal. 2009). Because the original Motion to Strike challenges the sufficiency of the pleadings for punitive damages, the Court therefore applies the Rule 12(b)(6) standard to evaluate whether Plaintiffs alleged sufficient facts of oppression, fraud, and malice for a prayer for punitive damages. *Kelley v. Corrections Corporation of America*, 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010)*; Martin v. County of San Diego*, 2011 WL 1775691 (S.D. Cal. May 10, 2011).

#### B. State Pleading Standard's Inapplicability

Defendants contend that Plaintiffs have not sufficiently alleged a claim for punitive damages because Plaintiffs' allegations of malice, oppression, and fraud do not meet the standard set forth in California Civil Code § 3294. Motion, 6. Cal. Civ. Code § 3294 provides recovery for punitive damages where there is clear and convincing evidence that the defendant is guilty of fraud, malice, or oppression. Cal. Civ. Code § 3294. The statute defines malice and oppression as despicable conduct carried on by the defendant in conscious disregard of the plaintiff's rights. Cal. Civ. Code § 3294(c). Fraud is defined as an intentional misrepresentation conducted by the defendant with the intention of depriving plaintiff of his legal rights. *Id.* In their Opposition, Plaintiffs argue that these California state law pleading requirements do not apply to the present case because the Court must apply the less stringent standard under Fed. R. Civ. P. 8(a) for the Complaint as a whole and the additional requirements under Fed. R. Civ. P. 9(b) for claims involving fraud. Opposition, 8-9. Plaintiffs therefore insist that they are not required to provide clear and convincing evidence that Defendants are guilty of fraud, malice, or oppression by engaging in "despicable conduct." *Id.* They argue that alleging malice, fraud, and oppression generally is sufficient for federal pleading purposes. *Id.*

The Court finds that Cal. Civ. Code § 3294 does not govern pleading requirements in the present case. First, "where state law directly conflicts with applicable provisions of the Federal Rules of Civil Procedure, federal courts must apply the Federal Rules – not state law." *Clark v. Allstate*, 106 F. Supp. 2d. 1016, 1018 (S.D. Cal. 2000). When a plaintiff files a claim for punitive damages, Cal. Civ. Code § 3294 governs the plaintiff's substantive claim of whether there is clear and convincing evidence of fraud, malice, or oppression, but the Federal Rules "govern the punitive damages claim procedurally with respect to the adequacy of pleadings." *Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 406 (C.D. Cal. 2005). As Plaintiffs note in their Opposition, several cases have held that where Plaintiffs seek punitive damages based on state law causes of action in federal court, the heightened requirements of Cal. Civ. Code § 3294 are inapplicable in determining the sufficiency of the pleadings[1]. *See also Kelley v. Corrections Corp. of America*, 750 F. Supp. 2d 1132, 1146-1147 (E.D. Cal. 2010) (citing *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159 (E.D. Cal. 2005)) (finding that federal pleading standard governed the sufficiency of a punitive damages pleading); *Endurance American Specialty Ins. Co. v. Lance-Kashian & Co.*, Slip Copy, 2010 WL 3619476 (E.D. Cal. 2010) (holding that the federal pleading standard applied to the adequacy of a punitive damages pleading).

### C. Rule 12(b)(6) Analysis

In determining the sufficiency of pleadings, a complaint must include a "short and plain statement of the claim showing that the [Plaintiff] is entitled to relief, and . . . a demand for judgment for the relief he [seeks]." Fed. R. Civ. P. 8(a). Though the complaint does not need "detailed factual

---

[1] Indeed the Court found one case that conflicts with this analysis, *Putini v. Blair Corp.*, Slip Copy, 2010 WL 1797019 (S.D. Cal. 2010). Yet that opinion only indicated that, "the Court [was] not convinced that the *Iqbal* standard applies to punitive damage requests," but nonetheless, analyzed the case under *Iqbal*.

allegations" to survive a motion to dismiss, it does require "more than labels and conclusions," and needs to put Defendants on "fair notice" of "what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. 544 at 555. A pleading "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1959 (2009). If the complaint alleges a cause of action based on fraud, the plaintiff "must state with particularity the circumstances constituting fraud or mistake," but may generally allege "malice, intent, knowledge, and other conditions of a person's mind." Fed. R. Civ. P. 9(b); *Clark v. Allstate*, 106 F. Supp. 2d. at 1018 (S.D. Cal. 2000). To sufficiently allege fraud with particularity, "a plaintiff must set forth more than the neutral facts necessary to identify the transaction . . . the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir. 1994). When pleading the malice necessary for a punitive damages claim, "a conclusory pleading is sufficient." *Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d. 1158, 1164 (C.D. Cal. 2010).

Despite arguing that the federal pleading standard is inapplicable, Defendants nevertheless appear to rely on the federal rules to argue that Plaintiffs' Complaint fails to plead the elements of fraud, oppression, and malice necessary for a valid punitive damages claim. Motion, 10. Defendants argue that Plaintiffs' request for punitive damages does not demonstrate "enough heft to show that the pleader is entitled to relief" because the paragraphs of the Complaint in question fail to allege "any facts that would support its legal conclusion that Defendants' behavior was 'unconscionable, oppressive, or malicious.'" Motion, 10 (quoting *Twombly*, 550 U.S. at 557 (2007)). Defendants further assert that Plaintiffs' argument that conditions of the mind can be alleged generally under Rule 9(b) is inapplicable because Plaintiffs have not even sufficiently pled the Complaint under the more lenient Rule 8 standard, "which requires more than 'labels and conclusions,' or 'tenders of naked assertions devoid of further factual enhancements.'" Reply, 10 (quoting *Iqbal*, 129 S.Ct. at 1949 (2009)). Defendants assert that because the Complaint does not even meet the Rule 8(a) standard, the Complaint would certainly not withstand the more stringent Rule 9(b) analysis necessary for the fraud allegations. *Id.* at 9-10.

As a threshold matter, when pleading the malice necessary for a punitive damages claim, "a conclusory pleading is sufficient." *Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d. 1158, 1164 (C.D. Cal. 2010). The Ninth Circuit has interpreted Rule 9(b) as not requiring "any particularity in connection with averment of intent, knowledge, or condition of the mind." *Clark v. Allstate*, 106 F. Supp. 2d. at 1018 (S.D. Cal. 2000) (citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir. 1994)); *Gottreich v. San Francisco Inv. Corp.*, 552 F.2d 866, 866-67 (9th Cir.1977) (finding that a conclusory allegation that defendants "knew" their representations were false was a sufficient pleading of fraudulent intent). Moreover, the Complaint provides "ample specific factual allegations" to show that Plaintiffs are entitled to a claim for punitive damages. *See Twombly*, 550 U.S. at 557 (2007). Punitive damages are awarded "if the defendant's acts are reprehensible, fraudulent or in blatant violation of law or policy. Punitive damages are proper only when the tortious conduct rises to levels of extreme indifference to the plaintiff's rights, a level which decent citizens should not have to

tolerate." *Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1269, 1287 (1994) (quoting *Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co.*, 185 Cal.App.3d 1149, 1154 (1986)).  Indeed, the Complaint includes over fifty paragraphs of detailed factual allegations which provide a sound basis for punitive damages.  The Complaint as a whole provides Defendants with enough factual allegations to allow the Defendants to be on fair notice of the causes of actions brought against them and the grounds on which these allegations are founded.

The Complaint sets forth multiple factual scenarios to support the malice, oppression, and fraud necessary to sufficiently plead its prayer for punitive damages. *Iqbal*, 129 S. Ct. at 1949 (2009).  For example, paragraphs 18-34 of the Complaint lay out Defendants' allegedly ineffective attempts at protecting Plaintiffs' intellectual property rights.  Complaint, ¶ 18-34.  This section of the Complaint identifies specific facts such as the dates and recipients of the cease and desist letters Defendants allegedly sent without Plaintiffs' approval.  *Id.*  This section continues to describe in detail the litigation resulting from these letters, including legal fees and Defendants' specific conduct in those two matters.  *Id.*  Plaintiffs' Complaint is facially plausible because the Complaint pled enough facts describing the activities underlying a breach of fiduciary duty and legal malpractice to allow the Court to draw a reasonable inference that Defendants could be liable for the alleged conduct and Plaintiffs would be entitled to punitive damages. *Iqbal*, 129 S. Ct. at 1949 (2009).  The Complaint provides Defendants with "fair notice" of what claims are brought against them, namely breaches of fiduciary duty and legal malpractice, and "the grounds upon which it rests" by detailing Defendants' actions and the litigation allegedly resulting from Defendants' conduct. *Twombly*, 550 U.S. 544 at 555.

Furthermore, under Rule 9(b), Plaintiffs have sufficiently alleged the factual circumstances surrounding the fraud allegations and the conditions of the mind necessary for a prayer for punitive damages.  The Complaint sets forth over fifty paragraphs of factual allegations underlying Plaintiffs' prayer for punitive damages.  These paragraphs provide specific facts which, if found true, would support a claim for punitive damages because Plaintiffs explain how Defendants' alleged fraudulent conduct deems their statements of expertise in intellectual property false or misleading.  For example, paragraphs 52-64 of the Complaint discuss Defendants' allegedly incompetent filing of trademark applications.  Complaint, ¶ 52-64.  This section of the Complaint specifically identifies which of Defendants' actions would constitute alleged legal malpractice.  *Id.*  In paragraphs 56 and 57, Plaintiffs provide five specific actions Defendants failed to take in violation of their fiduciary duty.  *Id.*  The Complaint continues to provide dates and details of Defendants' various failed attempts at filing trademark applications, including relevant application details, such as registration numbers.  These alleged facts establish how Defendants' statements of expertise could be false or misleading because they are linked to allegations that Defendants' egregious conduct was intentional.

In pleading the mental state component, paragraphs 78, 90, 101 of the Complaint generally allege that Defendants engaged in fraudulent conduct in conscious disregard of Plaintiffs' rights.  Alleging this mental state in a general manner is sufficient for pleading purposes under binding California law. *See Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d. 1158, 1164 (C.D. Cal. 2010);

*Clark v. Allstate*, 106 F. Supp. 2d. at 1018 (S.D. Cal. 2000). The Court notes the difficulty of pleading a state of mind, especially for a plaintiff who at the pleading stage is unable to allege detailed facts about a defendant's mental state. More detailed descriptions depend on discovery and can be resolved at future stages of litigation. Thus, Plaintiffs are not required to plead with particularity and may assert generally that Defendants' allegedly fraudulent actions were conducted with the malice necessary for a punitive damages claim. *Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d. 1158, 1164 (C.D. Cal. 2010).

As a result, Plaintiffs' Complaint has stated a claim for punitive damages and Defendants' Motion is DENIED.

## IV. DISPOSITION

For the reasons set forth above, Defendants's Motion to Strike is DENIED.

The Clerk shall serve this minute order on all parties to the action.