LINDAHL BECK LLP
George M. Lindahl (SBN 061905)
Alan D. Mehaffey (SBN 247332)
660 S. Figueroa Street
Suite 1500
Los Angeles, California 90017-3457
(213) 488-3900
(213) 486-9883 Facsimile

Attorneys for Defendants
LOZA & LOZA, LLP, JULIO LOZA
and CHRISTINA S. LOZA

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT

OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MOPHIE, INC., formerly known as mSTATION Corporation, a California Corporation, and DANIEL HUANG, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>LOZA & LOZA, LLP, a California Limited Liability Partnership, JULIO LOZA, an individual, and CHRISTINE S. LOZA, an individual,<br><br>Defendants. | CASE NO. 8:11-cv-00539-DOC-(MLGx)<br><br>**DEFENDANTS LOZA & LOZA, LLP, JULIO LOZA AND CHRISTINA S. LOZA'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants Loza & Loza, LLP, Julio Loza and Christina S. Loza (collectively "Defendants") hereby answer the Complaint ("Complaint") filed by Plaintiffs Mophie, Inc., and Daniel Huang (collectively "Plaintiffs") as follows:

### INTRODUCTION

1. Answering Paragraph 1, Defendants deny the allegations contained therein.

2. Answering Paragraph 2, Defendants deny the allegations contained therein.

## JURISDICTION AND VENUE

3. Answering Paragraph 3, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

4. Answering Paragraph 4, Defendants admit the allegations contained therein.

## PARTIES

5. Answering Paragraph 5, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

6. Answering Paragraph 6, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

7. Answering Paragraph 7, Defendants admit the allegations contained therein.

8. Answering Paragraph 8, Defendants admit the allegations contained therein.

9. Answering Paragraph 9, Defendants admit the allegations contained therein.

10. Answering Paragraph 10, Defendants deny the allegations contained therein.

///
///
///
///

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

2106-041/185991

-2-

DEFENDANTS' ANSWER TO COMPLAINT

## MOPHIE RETAINED LOZA & LOZA, LLP TO SAFEGUARD ITS INTELLECTUAL PROPERTY PORTFOLIO

11. Answering Paragraph 11, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11, and on that basis deny each and every allegation contained therein.

12. Answering Paragraph 12, Defendants admit that plaintiff Daniel Huang is the CEO of plaintiff Mophie. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 12 and on that basis deny each and every remaining allegation contained therein.

13. Answering Paragraph 13, Defendants admit that defendant Julio Loza met plaintiff Huang while defendant Julio Loza was at the law firm of Sheldon & Mak and that defendant Julio Loza is a registered patent attorney. Defendants also admit that the quoted language in Paragraph 13 appears on Loza & Loza, LLP's website. Defendants deny the remaining allegations in Paragraph 13.

14. Answering Paragraph 14, Defendants admit that Defendants Loza & Loza, LLP and Julio Loza were retained by Plaintiff Mophie to represent it with respect to some of its intellectual property interests. Defendants deny the remaining allegations in Paragraph 14.

15. Answering Paragraph 15, Defendants admit that Defendant Julio Loza introduced Christina Loza to Plaintiffs and represented her to be an intellectual property specialist, and that the quoted language in Paragraph 15 appears on Loza & Loza, LLP's website. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 15, and on that basis deny each and every remaining allegation contained therein.

///

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

2106-041/185991

-3-

DEFENDANTS' ANSWER TO COMPLAINT

16. Answering Paragraph 16, Defendants deny the allegations contained therein.

17. Answering Paragraph 17, Defendants admit that Defendants did not provide either Mophie or Mr. Huang with a written retainer or fee agreement. Defendants deny the remaining allegations in Paragraph 17.

18. Answering Paragraph 18, Defendants admit that the quoted language in Paragraph 18 appears on Loza & Loza, LLP's website. Defendants deny the remaining allegations in Paragraph 18.

19. Answering Paragraph 19, Defendants admit that Plaintiff Mophie retained Defendants to advise it concerning some of its intellectual property rights. Defendants deny the remaining allegations in Paragraph 19.

20. Answering Paragraph 20, Defendants admit that in Spring, 2010, Plaintiff Mophie advised Defendants of several of its competitors' products that Plaintiff Mophie suggested potentially infringed upon some of its patents or patent applications. Defendants deny that Plaintiffs emphasized to Defendants that they sought to be conservative and cautious in asserting allegations of infringement in order to avoid excessively aggressive responses. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 20, and on that basis deny each and every remaining allegation contained therein.

21. Answering Paragraph 21, Defendants admit that Defendant Christina Loza advised Plaintiff Mophie that certain letters be sent to some companies which were marketing the allegedly infringing products. Defendants deny the remaining allegations in Paragraph 21.

22. Answering Paragraph 22, Defendants deny the allegations contained therein.

///
///

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

2106-041/185991

-4-

DEFENDANTS' ANSWER TO COMPLAINT

23. Answering Paragraph 23, Defendants admit that Defendants proceeded with enforcement efforts that were based on Design Patents. Defendants deny the remaining allegations in Paragraph 23.

24. Answering Paragraph 24, Defendants deny the allegations contained therein.

25. Answering Paragraph 25, Defendants admit that Defendant Christina Loza sent the May 6, 2010, June 3, 2010 and June 8, 2010 letters on behalf of mStation, Inc. and the June 16, 2010 letter on behalf of mStation Corporation. Defendants deny the remaining allegations in Paragraph 25.

26. Answering Paragraph 26, Defendants admit that the "cease and desist" letters claimed that the competitive product infringed on the Design Patents, and threatened legal action against the recipient. Defendants deny the remaining allegations in Paragraph 26.

27. Answering Paragraph 27, Defendants deny the allegations contained therein.

28. Answering Paragraph 28, Defendants admit that the *Case-Mate* Action was filed in U.S.D.C. for the Northern District of Georgia, Atlanta Division on June 17, 2010. Defendants deny the remaining allegations in Paragraph 28.

29. Answering Paragraph 29, Defendants admit that Defendants filed a complaint styled "Daniel Huang v. GC Technology, LLC d/b/a Phonesuit, Hali-Power Inc. and Case-Ari, LLC d/b/a Case-Mate, 2:10-cv-04705-CAS-VBK" in the U.S.D.C. for the Central District of California. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiffs incurred substantial legal fees in connection with that action in an amount not less than $50,000, and on that basis deny this allegation. Defendants deny the remaining allegations in Paragraph 29.

///

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

2106-041/185991

-5-

DEFENDANTS' ANSWER TO COMPLAINT

30.     Answering Paragraph 30, Defendants admit that Hali-Power, Inc. filed a lawsuit styled *Hali-Power, Inc. v. Mophie, Inc.*, 1:10-cv-00773-GLS-RFT in the U.S.D.C. for the Northern District of New York, Albany Division. Defendants deny that the complaint therein was served on Defendants. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 30 and on that basis deny each and every remaining allegation contained therein.

31.     Answering Paragraph 31, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 and on that basis deny each and every allegation contained therein.

32.     Answering Paragraph 32, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 and on that basis deny each and every allegation contained therein.

33.     Answering Paragraph 33, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and on that basis deny each and every allegation contained therein.

34.     Answering Paragraph 34, Defendants deny the allegations contained therein.

35.     Answering Paragraph 35, Defendants admit that the quoted language in Paragraph 35 appears on Loza & Loza, LLP's website.

36.     Answering Paragraph 36, Defendants admit that Defendants represented Plaintiff in connection with efforts to procure patents for some of its inventions and designs. Defendants deny the remaining allegations in Paragraph 36.

37.     Answering Paragraph 37, Defendants deny that they filed the 897 Patent Application on January 8, 2008 but admit that they filed it on January 18, 2008. Defendants admit the remaining allegations in Paragraph 37.

///

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

2106-041/185991

-6-

DEFENDANTS' ANSWER TO COMPLAINT

38. Answering Paragraph 38, Defendants deny the allegations contained therein.

39. Answering Paragraph 39, Defendants deny the allegations contained therein.

40. Answering Paragraph 40, Defendants admit the allegations contained therein.

41. Answering Paragraph 41, Defendants admit that Defendants did not prepare written transfer agreements for the patents from Mr. Huang to Mophie. Defendants deny the remaining allegations contained Paragraph 41 of the Complaint.

42. Answering Paragraph 42, Defendants deny the allegations contained therein.

43. Answering Paragraph 43, Defendants deny the allegations contained therein.

44. Answering Paragraph 44, Defendants admit that Defendants never prepared written transfer agreements between the Plaintiffs. Defendants deny the remaining allegations in Paragraph 44.

45. Answering Paragraph 45, Defendants deny the allegations contained therein.

46. Answering Paragraph 46, Defendants deny the allegations contained therein.

47. Answering Paragraph 47, Defendants deny the allegations contained therein.

48. Answering Paragraph 48, Defendants deny the allegations contained therein.

49. Answering Paragraph 49, Defendants deny the allegations contained therein.

///

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

2106-041/185991

-7-

DEFENDANTS' ANSWER TO COMPLAINT

50. Answering Paragraph 50, Defendants deny the allegations contained therein.

51. Answering Paragraph 51, Defendants deny the allegations contained therein.

52. Answering Paragraph 52, Defendants admit that the quoted language in Paragraph 52 appears on Loza & Loza, LLP's website. Defendants deny the remaining allegations in Paragraph 52.

53. Answering Paragraph 53, Defendants admit that Defendants represented Plaintiff Mophie in connection with matters relating to its intellectual property portfolio, including applying for patents, trademarks and copyrights. Defendants deny the remaining allegations in Paragraph 53.

54. Answering Paragraph 54, Defendants admit that Mophie retained Defendants to handle the procurement of appropriate trademarks for the business and some of its products. Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 54 and on that basis deny all remaining allegations contained therein.

55. Answering Paragraph 55, Defendants admit that on or about November 11, 2007, Christina Loza filed an application on behalf of Plaintiff Mophie to register the trademark "Juice Pack" for use with, among other things, batteries and battery packs. Defendants deny the remaining allegations in Paragraph 55.

56. Answering Paragraph 56, Defendants deny the allegations contained therein.

57. Answering Paragraph 57, Defendants deny the allegations contained therein.

///
///
///

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

2106-041/185991

-8-

DEFENDANTS' ANSWER TO COMPLAINT

58. Answering Paragraph 58, Defendants admit that through a PTO Office Action dated March 31, 2008, the PTO refused registration for the "Juice Pack" mark and that according to the PTO, the "Juice Pack" application was rejected because of a likelihood of confusion with previously registered trademarks and design marks which contained the term "Juice." Defendants deny the remaining allegations in Paragraph 58.

59. Answering Paragraph 59, Defendants admit that Defendants filed a response to the PTO Office Action, which asserted various legal arguments. Defendants deny the remaining allegations in Paragraph 59.

60. Answering Paragraph 60, Defendants admit that on or about February 13, 2009, the trademark application for "Juice Pack" was abandoned because a response to the Office Action mailed on July 18, 2008 was not received within the 6-month response period. Defendants deny the remaining allegations in Paragraph 60.

61. Answering Paragraph 61, Defendants deny the allegations contained therein.

62. Answering Paragraph 62, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 and on that basis deny each and every allegation contained therein.

63. Answering Paragraph 63, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 and on that basis deny each and every allegation contained therein.

64. Answering Paragraph 64, Defendants deny the allegations contained therein.

65. Answering Paragraph 65, Defendants admit that after Plaintiff Mophie's termination of Defendants, Defendant Loza &Loza, LLP was required to release to Plaintiff Mophie, upon its request, the client papers and property in its possession in accordance with Rule 3-700(D) of the California Rules of

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

2106-041/185991

-9-

DEFENDANTS' ANSWER TO COMPLAINT

1  Professional Conduct.  Defendants deny the remaining allegations in
2  Paragraph 65.

3        66.    Answering Paragraph 66, Defendants admit that upon Plaintiff
4  Mophie's termination of Defendant Loza & Loza, LLP's representation of it,
5  Mophie requested that Defendant Loza & Loza, LLP transfer to it the files it
6  maintained with respect to Mophie's legal matters.  Defendants deny the
7  remaining allegations in Paragraph 66.

8        67.    Answering Paragraph 67, Defendants deny the allegations
9  contained therein.

10        68.  Answering Paragraph 68, Defendants are without sufficient
11  knowledge or information to form a belief as to the truth that the estimated cost of
12  an audit of Mophie's intellectual property portfolio is $32,000.  Defendants deny
13  the remaining allegations in Paragraph 68.

## FIRST CAUSE OF ACTION
## (BREACH OF FIDUCIARY DUTY)

16        69.    Defendants incorporate by reference Defendants' responses to
17  Paragraph 1 through 68 of the Complaint as though set forth in full.

18        70.    Answering Paragraph 70, Defendants admit the allegations
19  contained therein.

20        71.    Answering Paragraph 71, Defendants admit the allegations
21  contained therein.

22        72.    Answering Paragraph 72, Defendants admit the allegations
23  contained therein.

24        73.    Answering Paragraph 73, Defendants admit the allegations
25  contained therein.

26        74.    Answering Paragraph 74, Defendants deny the allegations
27  contained therein.

28  ///

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

2106-041/185991

-10-

DEFENDANTS' ANSWER TO COMPLAINT

1   75.  Answering Paragraph 75, Defendants deny the allegations
2  contained therein.
3   76.  Answering Paragraph 76, Defendants deny the allegations
4  contained therein.
5   77.  Answering Paragraph 77, Defendants deny the allegations
6  contained therein.
7   78.  Answering Paragraph 78, Defendants deny the allegations
8  contained therein.

## SECOND CAUSE OF ACTION
## (LEGAL MALPRACTICE - TRADEMARK
## AND PATENT APPLICATION ISSUES)

12   79.  Defendants incorporate by reference Defendants' responses to
13  Paragraph 1 through 78 of the Complaint as though set forth in full.
14   80.  Answering Paragraph 80, Defendants admit the allegations
15  contained therein.
16   81.  Answering Paragraph 81, Defendants deny the allegations
17  contained therein.
18   82.  Answering Paragraph 82, Defendants deny the allegations
19  contained therein.
20   83.  Answering Paragraph 83, Defendants deny the allegations
21  contained therein.
22   84.  Answering Paragraph 84, Defendants deny the allegations
23  contained therein.
24   85.  Answering Paragraph 85, Defendants deny the allegations
25  contained therein.
26   86.  Answering Paragraph 86, Defendants deny the allegations
27  contained therein.
28  ///

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

2106-041/185991

-11-

DEFENDANTS' ANSWER TO COMPLAINT

87. Answering Paragraph 87, Defendants deny the allegations contained therein.

88. Answering Paragraph 88, Defendants deny the allegations contained therein.

89. Answering Paragraph 89, Defendants deny the allegations contained therein.

90. Answering Paragraph 90, Defendants deny the allegations contained therein.

## THIRD CAUSE OF ACTION
## (LEGAL MALPRACTICE – "CEASE AND DESIST" LETTERS AND RESULTING LITIGATIONS)

91. Defendants incorporate by reference Defendants' responses to Paragraph 1 through 90 of the Complaint as though set forth in full.

92. Answering Paragraph 92, Defendants deny the allegations contained therein.

93. Answering Paragraph 93, Defendants deny the allegations contained therein.

94. Answering Paragraph 94, Defendants deny the allegations contained therein.

95. Answering Paragraph 95, Defendants deny the allegations contained therein.

96. Answering Paragraph 96, Defendants deny the allegations contained therein.

97. Answering Paragraph 97, Defendants deny the allegations contained therein.

98. Answering Paragraph 98, Defendants deny the allegations contained therein.

///
LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

2106-041/185991

-12-

DEFENDANTS' ANSWER TO COMPLAINT

99. Answering Paragraph 99, Defendants deny the allegations contained therein.

100. Answering Paragraph 100, Defendants deny the allegations contained therein.

101. Answering Paragraph 101, Defendants deny the allegations contained therein.

## FIRST AFFIRMATIVE DEFENSE

The Complaint and each cause of action therein are barred by the statute of limitations embodied in C.C.P. §340.6.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs are estopped from asserting this Complaint or any cause of action therein because of their own or their agents' acts, omissions and conduct upon which Defendants relied to their prejudice and detriment.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have voluntarily waived their right to maintain the Complaint or any cause of action therein by their own acts, omissions and conduct.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs are entitled to any recovery on any of their causes of action (a proposition Defendants dispute), their recovery should be reduced by the failure, negligence or fault of third parties and Plaintiffs which proximately caused or contributed to the damages alleged in the Complaint. The conduct of all persons and parties must thus be compared to determine their respective percentage of fault or responsibility.

///
///
///
///

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

2106-041/185991

-13-

DEFENDANTS' ANSWER TO COMPLAINT

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs were under a duty to mitigate their damages and failed to exercise reasonable care and diligence to avoid or minimize the injuries or damages they allege. Consequently, Defendants are exonerated from any liability to Plaintiffs for any damages caused by their failure to mitigate their damages.

## SIXTH AFFIRMATIVE DEFENSE

If, in fact, Plaintiffs sustained any injury or damage of any nature whatsoever by reason of anything to be done or omitted to be done by Defendants (which supposition is not admitted but is merely stated for the purpose of this defense), such injury or damage, if any, was proximately caused or contributed to by the negligence of Plaintiffs in failing to take proper and reasonable measures to protect their own interests.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from asserting the Complaint and any cause of action therein by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint and each cause of action therein are barred by the doctrine of laches.

## PRAYER FOR RELIEF

Wherefore, Defendants pray as follows:

1. That Plaintiffs take nothing by the Complaint and that judgment be entered in favor of Defendants;
2. That Defendants be awarded their costs of suit and reasonable attorney's fees to the extent that they are recoverable;
3. For such other and further relief as the court deems just and proper.

///

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA 90017-3457
(213) 488-3900

2106-041/185991

-14-

DEFENDANTS' ANSWER TO COMPLAINT

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury in this action.

DATED: August 8, 2011        LINDAHL BECK LLP

By: _____
George M. Lindahl
Attorneys for Defendants
LOZA & LOZA, LLP, JULIO LOZA, AND
CHRISTINA S. LOZA

LINDAHL BECK LLP
660 S. Figueroa Street
Suite 1500
Los Angeles, CA  90017-3457
(213) 488-3900

2106-041/185991

-15-

DEFENDANTS' ANSWER TO COMPLAINT