**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SA CV 11-0539 DOC (MLGx)  Date: October 3, 2011

Title: MOPHIE, INC. v. LOZA & LOZA, LLP

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                              Date:_____ Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

    Julie Barrera                                    Not Present
Courtroom Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

        On April 7, 2011, Plaintiff Mophie, Inc. ("Mophie") filed the instant action in this Court. The Complaint claims that this Court has jurisdiction pursuant to 28 U.S.C. § 1338, which allows federal courts to hear cases involving federal patent law. The Complaint, however, does not expressly allege any violations of federal patent law and therefore fails to establish that federal subject matter jurisdiction exists. It is a fundamental precept that federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S. Ct. 2396, 2403 (1978). Indeed, a federal court is presumed to lack jurisdiction unless the plaintiff proves the contrary. *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979).

        The basic statutory grants of federal court subject matter jurisdiction provide for two types of jurisdiction: (1) federal question jurisdiction; and (2) diversity of citizenship jurisdiction. Plaintiff's Complaint establishes neither.

        **A.**      **No Federal Question Jurisdiction**

Plaintiff's Complaint fails to adequately plead federal question jurisdiction. Federal question jurisdiction extends to those cases in which a complaint establishes that either: (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Federal Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983). The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint. *Wayne v. DHL Worldwide Express,* 294 F.3d 1179, 1183 (9th Cir. 2002).

Here, Plaintiff's Complaint does not allege or plead any claim raising a federal question. The face of the Complaint states three causes of action which arise under California law: (1) professional negligence; (2) breach of fiduciary duty; and (3) negligent misrepresentation. Though these causes of action allegedly occurred during Defendant Loza & Loza, LLP's ("Loza") handling of federal patent applications (and subsequent litigation related to said patents), none of the causes of action themselves arise under federal patent law. Therefore, Plaintiff's complaint fails to plead that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### B. No Diversity Jurisdiction

Plaintiffs' Complaint does not plead diversity jurisdiction either. Federal diversity jurisdiction requires that all plaintiffs to an action be "citizens of different States" than all defendants, and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332. Plaintiff's Complaint does not assert that the plaintiffs are citizens of different states than all defendants. Therefore, Plaintiffs' complaint does not plead that this Court has subject matter jurisdiction over the action due to diversity of citizenship under 28 U.S.C. § 1332.

### C. Disposition

Accordingly, the Court orders Plaintiff(s) to show cause in writing within 14 days of the date of this order why this action should not be dismissed for lack of subject matter jurisdiction. Defendant(s) may submit a response in the same time period. An amended complaint correcting the deficiencies will be deemed a sufficient response to this order to show cause.

The Clerk shall serve this minute order on all parties to the action.