KATHRYN LEE BOYD, ESQ. (SBN 189496)
    lboyd@srbr-law.com
JEFF D. NEIDERMAN, ESQ. (SBN 203818)
    jneiderman@srbr-law.com
**SCHWARCZ, RIMBERG, BOYD & RADER, LLP**
6310 San Vicente Boulevard, Suite 360
Los Angeles, California 90048
Phone: (323) 302-9488
Fax: (323) 931-4990

Attorneys for PLAINTIFFS
Mophie, Inc., and Daniel Huang

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOPHIE, INC., formerly known as mSTATION Corporation, a California Corporation, and DANIEL HUANG, an individual,<br><br>          Plaintiffs,<br>     vs.<br><br>LOZA & LOZA, LLP, a California Limited Liability Partnership, JULIO LOZA, an individual and CHRISTINE S. LOZA, an individual,<br><br>          Defendants. | Case No. 8:11-cv-00539-DOC-(MLGx)<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Action filed: April 7, 2011<br>Judge: Hon. David O. Carter |

1

**TABLE OF CONTENTS**

2

**Page**

3

I.      INTRODUCTION    ……………………………………………………1

II.     FACTUAL BACKGROUND   …………………………...………..3

4

     A.     Malpractice Claims Arising from Patent

5

          Application Representation   ................……………………………3

6

     B.     Malpractice Claims Arising from Negligent

7

          Patent Enforcement ………………………………………………4

8

     C.     Legal Malpractice Arising from Trademark

          Application Issues   ………...………………..………………...6

9

     D.     Breach of Fiduciary Claims ………………………………...……6

10

III.    ARGUMENT    ……………………………………………………5

11

     A.     The Court Has Exclusive Jurisdiction Over

          Malpractice Claims Asserting Substantial

12

          Issues of Patent Law   ...................……………………………6

13

          1.     Applicable Legal Standards for Motion

14

               to Dismiss   ……………………………………………6

15

          2.     California State Courts Deny Jurisdiction

16

               Over Patent-Related Malpractice Actions   ……………......10

17

          3.     The Court has Jurisdiction over Plaintiffs'

               Patent Malpractice Claims   ……………………….......11

18

               (a)     The Court has Jurisdiction Over Plaintiffs'

19

                    Patent Application Claims   ………………….......11

20

               (b)     The Court has Jurisdiction Over Malpractice

21

                    Claims Related to Patent Enforcement

22

                    Proceedings   ……………………………….......11

     B.     The Court has Jurisdiction Over the Trademark

23

          Application Claims   ……………………………………………18

24

     C.     The Court has Supplemental Jurisdiction Over

25

          the Remaining Claims   ...……………………………….......20

26

     D.     Alternatively, Plaintiffs Should be Granted

          Leave to Amend   ...…………………………………………22

27

IV.    CONCLUSION    …………………………………………………22

28

i

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO ORDER TOSHOW CAUSE RE DISMISSAL
Case No. 8:11-cv-00539-DOC-(MLGx)

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.,*
    986 F.2d 476 (Fed. Cir. 1993) …………………………………..………...16

*Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer& Feld, L.L.P.,*
    504 F.3d 1262 (Fed. Cir. 2007) …..………………………………….……*passim*

*Campbell v. City of Haverhill,*
    155 U.S. 610 (1895) …………………………………………….................7

*Christianson v. Colt Industries Operating Corp.,*
    486 U.S. 800 (1988) …………….…..………………………….…………..7

*Davis v. Brouse McDowell, L.P.A.,*
    596 F.3d 1355 (Fed. Cir. 2010) …………….............................8, 14

*Evans v. Trimont Land Co.,*
    2006 U.S. Dist. LEXIS 31151 (E.D. Cal. May 18, 2006) ………18, 19, 20

*Federal Tax Bd. v. Const. Laborers Vacation Trust,*
    463 U.S. 1 (1983) ……..………………………………...…………..3

*Ferag AG v. Quipp Inc.,*
    45 F.3d 1562 (Fed. Cir. 1995) …………………………………….12

*Finley v. United States,*
    490 U.S. 545 (1989) ………………………………..…………….……20

*Florida Prepaid Postsecondary Educ. Exp. Bd. v. College Sav. Bank,*
    527 U.S. 627 (1999) ……..……………………………..………….6, 7

*Franchi v. Manbeck,*
    947 F.2d 631 (2d Cir. 1991) ……………………..……………………...1

*Gerawan Farming v. Worrell & Worell,*
    2011 U.S. Dist. LEXIS 8447 (E.D. Cal. Jan. 20, 2011) ……..…18, 19, 20

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

1

**TABLE OF AUTHORITIES (cont.)**

2

**Page**

3

*Grable & Sons Metal Products Inc. v. Darue Eng'g Mfg.*,

4

    545 U.S. 308 (2005)  ……………………………….……………7

5

*Harness, Dickey & Pierce, P.L.C. v. Powerhouse Marks, LLC*,

6

    2008 U.S. Dist. LEXIS 78561 (E.D. Mich. Sept. 29, 2008) ………..……..19

7

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*,

8

    153 F.3d 1318 (Fed. Cir. 1998) …………….………….…………13, 14

9

*Immunocept LLC v. Fulbright & Jaworksi, LLP*,

10

    504 F.3d 1281 (Fed. Cir. 2007)  ……………………..…………1, 8, 15

11

*LaBelle v. McGonagle*,

12

    2008 U.S. Dist. LEXIS 63117 (D. Mass. Aug. 15, 2008)  ……..…………14

13

*Lans v. Adduci Mastriani & Schaumberg L.L.P.*,

14

    2011 U.S. Dist. LEXIS 54463 (D.D.C. May 23, 2011) ….……14, 15, 18, 21

15

*Max-Planck-Gesellschaft Zur Foerderung der Wissenschaften E.V. v. Wolf*

16

*Greenfield & Sacks,PC*,

17

    661 F. Supp. 2d 125 (D. Mass. 2009) ……………………………..21

18

*MCV, Inc. v. King-Seeley Thermos Co.*,

19

    870 F.2d 1568 (Fed. Cir. 1989)  …..………………………………13

20

*Memorylink Corp. v. Motorola, Inc.*,

21

    419 Fed. Appx. 991 (Fed. Cir. 2011)  ……………………………..13

22

*Midwest Indus., Inc. v. Karavan Trailers, Inc.*,

23

    175 F.3d 1356 (Fed. Cir. 1999)  …..………….…..………………15

24

*Pfaff v. Wells Electronics, Inc.*,

25

    525 U.S. 55 (1998)  …………….………….…………..…………12, 16

26

*Rockwood Retaining Walls, Inc. v. Patterson, Thuente, Skaar & Christensen, P.A.*,

27

    2009 U.S. Dist. LEXIS 119349 (D. Minn. Dec. 22, 2009) ………..………17

28

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, Ca 90048

**TABLE OF AUTHORITIES (cont.)**

**Page**

*Shum v. Intel Corp.*,
633 F.3d 1067 (Fed. Cir. 2010) …………………………………12, 13, 16

*Singh v. Duane Morris LLP*,
538 F.3d 334 (5th Cir. 2008) …………………………………..………..20

*TattleTale Portable Alarm Systems, Inc. v. Calfee, Halter & Griswold LLP*,
72 F.Supp.2d 893 (2010)      …………………………..…………………14

*Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*,
813 F.2d 1553 (9th Cir. Cal. 1987)   ……………………..…...…..……22

*Touchcom, Inc. v. Bereskin & Parr*,
2008 U.S. Dist. LEXIS 112100 (E.D. Va. Feb. 4, 2008)   ……………13, 14

*United Mine Workers of Am. v. Gibbs*,
383 U.S. 715 (1966) ………………………………………………….20

*Warrior Sports, Inc. v. Dickinson Wright, P.L.L.C.*,
631 F.3d 1367 (Fed. Cir. 2011) …………….……..…………………8, 9, 21

*Williston Basis Interstate Pipeline*,
524 F.3d 1090 (9th Cir. 2008) ……………………………...………...18

<u>STATE CASES</u>

*Coscia v. McKenna & Cueo*,
25 Cal.4th 1194 (Cal. 2001) ……………...…………………….…11, 12

*Landmark Screens, LLC v. Morgan, Lewis & Bockius, LLP*,
183 Cal.App.4th 238 (2010) ………………………….…………10, 11

*Lockwood v. Sheppard, Mullin, Richter & Hampton*
173 Cal.App.4th 675 (2009) …………………….……………..……10

*TattleTale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP*,
2009 Ohio App. LEXIS 1217 (Ohio Ct. App. Mar. 26, 2009) ………..14, 18

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

**TABLE OF AUTHORITIES (cont.)**

**Page**

*Viner v. Sweet*,
    30 Cal.4th 1232 (Cal. 2003) …………………….…………….………12, 13

FEDERAL STATUTES AND INSTRUMENTS

35 U.S.C. § 102(b)  ……………………………...………………..1, 12

28 U.S.C. §§ 1295(a)(1)  ……………….…………………….……………..1

28 U.S.C. §1331    ………………………………….…..………..3, 18, 20, 21

28 U.S.C. §§ 1338(a) ……………………………………………………..1, 16

28 U.S.C. §1338  …………………….…………….…………………*passim*

28 U.S.C. § 1367(a)  ……………………………….…….…………….3, 20

28 U.S.C. § 1653 …………………………………….…………16, 22

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO ORDER TO SHOW CAUSE RE DISMISSAL
Case No. 8:11-cv-00539-DOC-(MLGx)

1       Plaintiffs Mophie, Inc. ("Mophie") and its founder and CEO, Daniel Huang
2   (collectively, "Plaintiffs" or "Mophie") hereby file this Memorandum of Points and
3   Authorities in Support of Jurisdiction in response to the Court's Order to Show
4   Cause dated September 29, 2011 (the "Order").

5   **I.     INTRODUCTION**

6       This case arises under the exclusive original jurisdiction of the federal district
7   courts pursuant to 28 U.S.C. §1338.  Two recent Federal Circuit cases – which
8   control here –conclusively establish exclusive federal jurisdiction over this case
9   because it involves attorney malpractice claims that necessarily raise substantial
10  issues of patent law.  *See Air Measurement Technologies, Inc. v. Akin Gump*
11  *Strauss Hauer& Feld, L.L.P.*, 504 F.3d 1262 (Fed. Cir. 2007); *Immunocept LLC v.*
12  *Fulbright & Jaworksi, LLP*, 504 F.3d 1281 (Fed. Cir. 2007).[1]  By these two
13  decisions – one addressing attorneys' negligence in the patent application process,
14  and the other addressing the infringement and enforceability issues raised by the
15  "case-within-a-case" arising in malpractice claims relating to prior patent-related
16  litigations – the Federal Circuit swept virtually all claims involving attorney
17  malpractice in patent law within the jurisdictional reach of the federal courts.

18      Because substantial questions of patent law must be resolved in order to
19  adjudicate Plaintiffs' claims, and therefore the case arises under the exclusive
20  jurisdiction of Section 1338, filing this case in state court would have risked either
21  party challenging and voiding the state court judgment.  *See, e.g., Lockwood v.*
22  *Sheppard, Mullin, Richter & Hampton*, 173 Cal.App.4th 675 (2009) (state court
23  judgment voided for lack of subject matter jurisdiction where state claims turned on
24  substantial questions of patent law). [2]

25  _____

26  1 Since a holding that jurisdiction arises under patent law can only be appealed to
    the Court of Appeals for the Federal Circuit (*See* 28 U.S.C. §§ 1295(a)(1) and
    1338(a)), the Court of Appeals for the Ninth Circuit cannot hear appeals regarding
27  this jurisdictional question.  Thus, Federal Circuit precedent controls the issue of
    whether this Court has jurisdiction over the patent-related malpractice claims.  *See*
28  *Franchi v. Manbeck*, 947 F.2d 631, 634 (2d Cir. 1991).
    2 Plaintiffs' attorney Kathryn Lee Boyd was also attorney-of-record for the plaintiff

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

1    This action is based on a multi-year representation in patent matters by Loza
2    & Loza, Julio Loza and Christina Loza ("Defendants") involving Mophie's
3    intellectual property portfolio, including its patent and trademark applications and
4    patent enforcement proceedings.  Specifically, Mophie's patent application
5    malpractice claims require the Court to determine whether, but for Defendants'
6    negligence, Mophie would have obtained broader and better patent protection,
7    including whether Defendants improperly applied patent law with respect to
8    inventorship in preparing Plaintiffs' patents and whether they failed to understand
9    the application of, and protect the patents in accordance with, the statutory "On-
10   Sale Bar" of 35 U.S.C. § 102(b).  To recover on these claims, Plaintiffs must show
11   not only that Defendants misapplied these substantial patent law issues, but also
12   that Mophie would have obtained better, broader patent coverage "but for"
13   Defendants' negligence.

14   Plaintiffs' claims with respect to Defendants' activities in enforcing their
15   patents are based on the theory that, but for Defendants' mistakes in the patent
16   application process and their negligent advice to prosecute infringers based upon
17   the design patents instead of broader utility patents that had not yet issued,
18   Plaintiffs would have (i) avoided being sued by competitors in action seeking
19   declarations of non-infringement and invalidity of Plaintiffs' design patents; (ii)
20   achieved more beneficial resolution of the disputes with these competitors relating
21   to their infringement of Plaintiffs' patents.  Thus, not only do these claims raise
22   substantial issues of patent law in determining whether the Defendants' conduct was
23   negligent (such as inventorship, "On-Sale Bar," the scope and enforceability of
24   design patents versus utility patents), they require a "case-within-a-case" analysis to
25   determine whether, but for Defendants' negligence, Plaintiffs would have achieved
26   better results in the patent enforcement litigations.  Furthermore, because

27

28   in the *Lockwood* case, and was mindful of the California Appellate Court's
dismissal of that case when determining the jurisdiction for this action.

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

1  Defendants' conduct resulted in the loss of patent rights, Plaintiffs' damages require

2  assessment of the patents' value.

3       All of these patent law issues, which must be determined as a predicate to

4  and which are inextricably intertwined with Plaintiffs' malpractice claims, arise

5  under 28 U.S.C. §1338.   Thus, Plaintiffs' Complaint properly pleads federal

6  question jurisdiction because on its face, it establishes that "the plaintiff's right to

7  relief necessarily depends on resolution of a substantial question of federal law."

8  Order at 2, quoting *Federal Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1,

9  27-28 (1983).[3]

10      Finally, the Court has jurisdiction over the remaining claims pursuant to its

11 supplemental jurisdiction under 28 U.S.C. § 1367(a), as they arise from the same

12 nucleus of operative facts as the claims over which the Court has original

13 jurisdiction.

14 **II.    FACTUAL BACKGROUND**

15      Plaintiff Mophie is an award-winning independent technology company,

16 founded by Plaintiff Daniel Huang, that designs and manufactures mobile

17 intelligent devices and accessories, such as its signature "Mophie Juice Pack", a

18 portable battery case certified by Apple Inc. for use with i-Phones.  Plaintiffs

19 retained Defendants, who held themselves out as intellectual property specialists, to

20 advise Mophie regarding the development, maintenance and protection of its

21 intellectual property portfolio.  Throughout the course of the relationship, however,

22 Defendants committed several acts of negligence and repeatedly breached fiduciary

23 duties to Plaintiffs.

24      The Complaint alleges several claims of attorney malpractice and breach of

25 fiduciary duty, in three separate causes of action.  The salient facts of the pertinent

26

27 [3] As an additional basis for jurisdiction, Plaintiffs' claims based upon Defendants'
   negligent handling of Plaintiffs' trademark applications fall within the Court's 28
28 U.S.C. §1331 jurisdiction, as they necessarily involve substantial trademark law
   issues.

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

claims are:

### A.   Malpractice Claims Arising from Patent Application Representation

The Complaint asserts claims for legal malpractice arising from Defendants' negligence in connection with Plaintiffs' patent applications.  *See* Compl. ¶ 83(d), 85-86; also ¶¶ 35-46, 47-51.  Specifically, the Complaint alleges that Defendants filed patent applications in the name of Plaintiff Huang, as sole inventor and sole owner, without investigating whether Mr. Huang was, in fact, the sole inventor of the products covered by the patent applications.  Compl. ¶¶ 37, 47.  Defendants also filed the patent applications without properly researching or advising Plaintiffs with respect to the one year statutory "On-Sale Bar," and as a result failed to prepare the patent applications in compliance therewith, jeopardizing the patent protection afforded by the '360 Design Patent.  Compl. ¶ 50.  The Complaint alleges that, as a result of this misconduct, both the '360 Design Patent and '262 Utility Patent application are vulnerable to patentability challenges, and that Defendants' malpractice has "robb[ed] Plaintiffs of the full value of their property rights under the law."  Comp. ¶ 37, 47, 50-51.  This cause of action alleges that, but for Defendants' professional malpractice, Plaintiff Mophie "would have had an enforceable '360 Design Patent."  *See* Compl. ¶ 85.  The Complaint further alleges that, "[a]s a direct and proximate result of Defendants' malpractice [in connection with the patent applications], the '360 Design Patent is effectively unenforceable, causing economic damages to Plaintiffs in an amount yet to be determined."  Compl. ¶ 88.

### B.   Malpractice Claims Arising from Negligent Patent Enforcement

The Complaint alleges claims for legal malpractice arising from Defendants' misconduct in enforcing Plaintiffs' patents, including (a) incompetently advising Plaintiffs to assert infringement claims based upon Design Patents; (b) incompetently preparing inappropriately aggressive and threatening "cease and

- 4 -

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL
Case No. 8:11-cv-00539-DOC-(MLGx)

1  desist" letters, that mistakenly identified Mophie as the owner of the '360 and '361

2  Design Patents and triggered Mophie's competitors to file declaratory judgment

3  actions asserting non-infringement and invalidity of the Design Patents; (c)

4  incompetently preparing the Design Patent applications with respect to

5  inventorship, "On Sale Bar," and prior art issues, supplying Mophie's competitors

6  with defenses to infringement and bases to challenge the validity of the Design

7  Patents; and (d) incompetently advising Mr. Huang to have filed on his behalf an

8  unnecessary patent infringement action against Mophie's competitors based upon

9  the limited Design Patents (the "Huang Action"), which was later voluntarily

10  dismissed.  *See* Compl. ¶ 95-98; also ¶¶ 18-34.

11  Specifically, the Complaint alleges that, as a direct result of Defendants'

12  negligence, Mophie's competitors, Case-Ari, LLC and Hali-Power, Inc. filed

13  complaints for declaratory judgments of patent non-infringement and invalidity of

14  the Design Patents.  *See* Compl. ¶¶ 27, 31.  These complaints specifically cited

15  Defendants' aggressive cease and desist letters as precipitating the lawsuits.  *See*

16  Compl. ¶¶ 27-28, 30.  The complaints asserted that the '360 and '361 Design Patents

17  were invalid, citing prior art, inventorship and the "On-Sale Bar" issues.  *See*

18  Compl. ¶ 31.  The Case-Ari plaintiff further raised allegations of fraud and patent

19  abuse relating to the confusion over the name in which the patents were issued.

20  Compl. ¶ 33.  The Complaint alleges that, but for Defendants' negligence, Mophie

21  would not have been sued by its competitors and would not have incurred legal fees

22  and costs relating thereto. *See* Compl. ¶ 97.  The Complaint also alleges that, but

23  for Defendants' negligence, Mr. Huang would not have filed the Huang Action, and

24  would not have been exposed to potential litigation (and related expenses) and other

25  risks associated with having the patents issued to himself personally.  Compl. ¶ 98.

26  Plaintiffs allege damages consisting of costs of defending the declaratory judgment

27  actions and prosecuting the Huang Action, as well as damage to Mophie's business

28  reputation and its intellectual property portfolio.  Compl. ¶ 99-100.

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL
Case No. 8:11-cv-00539-DOC-(MLGx)

C.      **Legal Malpractice Arising from Trademark Application Issues**

The Complaint also alleges that, among other errors, Defendants committed malpractice in connection with Mophie's trademark applications by incompetently handling Mophie's "Juice Pack" trademark registration application, allowing the application to be deemed "abandoned" and failing to advise Mophie to seek registration of a trademark for "Mophie Juice Pack".  *See* Compl. ¶ 83; also ¶¶  52-64.  The Complaint alleges that "but for" Defendants' malpractice, Mophie would have obtained trademark registration for the "Juice Pack" mark years earlier. Compl. ¶ 85.

D.      **Breach of Fiduciary Duty Claims**

The Complaint also alleges a cause of action for breach of fiduciary duty owed arising from the attorney-client relationship, asserting various breaches relating to Defendants' representation of Plaintiffs' intellectual property portfolio, including failing to provide full and faithful advice regarding patent and trademark law and their representation of Plaintiffs' issues, such as advice and information relating to the "abandoned" trademark application, patent inventorship and ownership issues, filing patents in Mr. Huang's name and failing to transfer them to Mophie, the On-Sale Bar, and the risks associated with the aggressive "cease and desist" letters. *See, e.g.*, Compl. ¶¶ 73-75, 76(b)-(h).

III.    **LEGAL ARGUMENT**

A.      **The Court Has Exclusive Jurisdiction Over Malpractice Claims Asserting Substantial Issues of Patent Law**

1.      **Federal Courts have Original Jurisdiction over Attorney Malpractice Claims that Necessarily Involve Substantial Patent Law Issues**

Congress provided for exclusive, original jurisdiction in federal court for cases arising under patent law, by enacting 28 U.S.C. § 1338.  *See Florida Prepaid Postsecondary Educ. Exp. Bd. v. College Sav. Bank*, 527 U.S. 627, 648 (1999)

- 6 -

1    (Stevens J., dissenting) (citing *Campbell v. City of Haverhill*, 155 U.S. 610, 620

2    (1895).  In *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 809

3    (1988), the Supreme Court explained that federal jurisdiction over patent law

4    claims extends to any case in which "the plaintiff's right to relief necessarily

5    depends on the resolution of a substantial question of patent law, in that patent law

6    is a necessary element of one of the well-pleaded claims."  *Id.* at 808-09; *see also*

7    *Grable & Sons Metal Products Inc. v. Darue Eng'g Mfg.*, 545 U.S. 308, 314 (2005)

8    (federal jurisdiction applies when a "state-law claim necessarily raises a stated

9    federal issue, actually disputed and substantial, which a federal forum may entertain

10   without disturbing any congressionally approved balance of federal and state

11   judicial responsibilities.").

12          In the *Air Measurement* case, the Federal Circuit held that federal courts have

13   exclusive jurisdiction over state-law legal malpractice actions when the

14   adjudication of the malpractice claim requires the court to address the merits of the

15   plaintiff's underlying patent infringement lawsuit.  Just like the enforcement-related

16   claims in this case, the plaintiff in *Air Measurement* alleged that its attorneys'

17   failure to file an application within the one-year "On-Sale Bar" period and that their

18   failure to disclose pertinent references during prosecution of the application

19   established potential defenses to the prior patent enforcement action, and forced the

20   plaintiff to settle its infringement action for less than the claim would otherwise

21   have been worth.  *Air Measurement*, 504 F.3d at 1266.  The Federal Circuit noted

22   that a claim of malpractice in connection with an underlying patent enforcement

23   proceeding requires the court to conduct a "case within a case" to determine if, "but

24   for the malpractice," the plaintiff would have succeeded in its position.  *Id.* at 1269.

25   This "case within a case" analysis necessarily requires the court trying the

26   malpractice claims to resolve, at least, issues of patent enforceability and

27   infringement.  *Id.*  Holding that both enforceability and infringement are substantive

28   issues of patent law, the Federal Circuit confirmed its exclusive jurisdiction over

- 7 -

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL
Case No. 8:11-cv-00539-DOC-(MLGx)

1   the patent malpractice claims pursuant to 28 U.S.C. §1338.  *Id.* at 1270.

2       Much like the application-related claims in this case, the *Immunocept* case

3   involved claims that the attorney negligently drafted the plaintiff's patent claims,

4   which resulted in a patent issuing that did not provide adequate protection against

5   competitors.  The plaintiff asserted that, but for the malpractice, the claims of its

6   patent would have had a broader scope than they actually had.  *Immunocept*, 504

7   F.3d at 1284-85.  The Federal Circuit noted that, in order to prove that the attorney's

8   claims drafting was negligent, the plaintiff would necessarily address scope of

9   patent issues, and thus, the court would essentially be determining whether

10  competitors could copy the plaintiff's method without infringing the patent.  *Id.* at

11  1284.  The Federal Circuit held that such claim scope determinations were precisely

12  the type of "substantial questions of patent law" that support the exercise of subject

13  matter jurisdiction under Section 1338:   "Because patent claim scope defines the

14  scope of patent protection ... we surely consider claim scope to be a substantial

15  question of patent law.  [Just as] a determination of patent infringement serves as

16  the basis of Section 1338 jurisdiction over related state law claims, so does a

17  determination of claim scope."  *Id.* at 1285 (noting that, "[a]fter all, claim scope

18  determination is the first step of a patent infringement analysis.").

19      Cases following *Air Measurement* and *Immunocept* have focused the inquiry

20  on whether patent law is a "necessary element" of any of the plaintiff's claimed

21  rights to relief.  *See, e.g., Davis v. Brouse McDowell, L.P.A.,* 596 F.3d 1355, 1359

22  (Fed. Cir. 2010).  Thus, only where there is a "'theory of liability for *each* of the

23  asserted claims for which it is not necessary to resolve an issue of federal patent

24  law,' then the district court lacks Section 1338 jurisdiction."  *Warrior Sports, Inc. v.*

25  *Dickinson Wright*, P.L.L.C., 631 F.3d 1367, 1370 (Fed. Cir. 2011) (emphasis

26  added) (citations omitted).

27      *Warrior Sports, Inc.* - decided after Plaintiffs filed their Complaint in this

28  Action - looked specifically at whether federal courts have jurisdiction over

- 8 -

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL
Case No. 8:11-cv-00539-DOC-(MLGx)

malpractice claims based upon multiple allegations of attorney misconduct, not all of which implicate federal patent law (as is the case here).  In *Warrior Sports*, the attorney defendants had managed the plaintiff's intellectual property portfolio, which included several patents for lacrosse sticks and heads, including prosecuting the application, reissue proceedings and enforcement litigations.  The plaintiff claimed that attorney malpractice had forced it to settle an underlying patent enforcement action for less than the true value of the claim, by giving defendant a basis for the defense of inequitable conduct.  *Warrior Sports*, 631 F.3d at 1369.[4] The *Warrior Sports* court noted that, under the applicable state law (which is the same as California state law), plaintiff was required to prove that, but for the malpractice, it would have prevailed on its infringement claims in the underlying action.  *Id.* at 1372.  If the plaintiff could not prove a meritorious infringement claim, then it could not show that the availability of the inequitable conduct defense was the proximate causes of any damages.  *Id.*  This single element of one of the malpractice theories of liability implicated the "case-within-a-case" requirement to prove infringement, and thus conferred jurisdiction.[5]  *Id.* at 1372.

Thus, clear and binding Federal Circuit precedents establish that, where substantive issues of patent law are necessarily implicated by any element of the

_____

4  The *Warrior Sports* complaint consisted of a single count based on three separate acts of malpractice:  (i) negligent handling of the patent reissue proceedings, which the infringing defendants asserted as a defense to enforcement arguing that the attorney's misrepresentation of prior art to the PTO constituted inequitable conduct; (ii) negligence in failing to pay the maintenance fee and, thereby, allowing the patent to lapse; and (iii) negligence during the restatement proceedings including failing to file on a timely basis and failing to communicate with the plaintiff.  631 F.3d at 1371.

5  The *Air Measurement* Court also distinguished between a "theory of liability" and a "theory of damages"; finding that only an alternative "theory of liability" could defeat jurisdiction.  In *Air Measurement*, the Court rejected the attorneys' argument that the "impaired settlement value" theory did not require the court to determine the hypothetical merits of the underlying suit, because the plaintiff was arguing only that it would have received a better settlement, not that it would have won the lawsuit.  The "'impaired settlement value' theory was a theory of damages, not of liability for malpractice, which still required plaintiff to prove it would have been successful in the underlying litigation but for the alleged errors."  504 F.3d at 1270-71.

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL
Case No. 8:11-cv-00539-DOC-(MLGx)

1  malpractice claim, the federal courts have original jurisdiction pursuant to 28

2  U.S.C. §1338.

3  **2.**   **California State Courts Deny Jurisdiction Over Patent-**

4       **Related Malpractice Actions**

5       Not only does the federal court have original jurisdiction over such cases, but

6  that jurisdiction is exclusive.  The California state courts routinely reject

7  jurisdiction over state law actions that raise substantial issues of patent law, and a

8  pair of recent state law cases confirm that such cases will be dismissed for lack of

9  jurisdiction and any judgments rendered in state court in such cases will be void.

10  *See, e.g., Landmark Screens, LLC v. Morgan, Lewis & Bockius, LLP,* 183

11  Cal.App.4th 238 (2010) (assessment of damages required determination of validity

12  of patent rights); *Lockwood*,173 Cal.App.4th 675  (case issues required court to

13  "put itself in the position of a 'reasonable" patent examiner").

14       While *Lockwood v. Sheppard, Mullin, Richter & Hampton*, 173 Cal.App.4th

15  675, was not an attorney malpractice action *per se*, the complaint alleged that the

16  attorney-defendants made false representations to the PTO, which resulted in a

17  reexamination of the plaintiff's patents and a stay over the plaintiff's pending patent

18  infringement lawsuits.  *Lockwood*, 173 Cal.App. 4th at 679-80.  The determination

19  of the third element of the claim – that reexamination of the patent would not have

20  been granted 'but for' the attorney's misrepresentations  – required the court to

21  determine whether the USPTO would have granted the reexamination request had

22  the prior art references been properly characterized.  *Id.* at 687.  This issue, in turn,

23  required a finding that "there is a substantial likelihood that a reasonable examiner

24  would consider the prior art patent or printed publication *important* in deciding

25  whether or not the claim is patentable." *Id.* at 687 (citing USPTO procedural

26  manual).  The California Court of Appeal held that since it "would be presented

27  with substantial questions of patent law, effectively having to put itself in the

28  position of a 'reasonable' patent examiner and determine whether the prior art would

- 10 -

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, Ca 90048

PLAINTIFFS' MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL
Case No. 8:11-cv-00539-DOC-(MLGx)

be considered important in deciding the patentability of the patent claims," the claim fell within the exclusive jurisdiction of the federal courts. *Id.*

In *Landmark Screens*, the plaintiff's sole surviving claim alleged its attorneys had committed malpractice by concealing errors in the preparation of a patent application, thus denying the plaintiff its only opportunity to correct its patent application. 183 Cal.App.4th at 247. The court noted that, even though the issue of the attorney's negligence could be resolved by the state court, the claim also required proof that "but for their failure to disclose (or intentional concealment of) [the attorney's] negligence in filing the '916 divisional application, it would not have lost "valuable and pioneering patent rights." *Id.* at 248. Holding that "[t]he nature and extent of those patent rights present a substantial issue of federal patent law that is properly adjudicated in federal court," the court affirmed dismissal of the case for lack of jurisdiction. *Id.* at 248.

Thus, in light of the substantial issues of patent law raised by Plaintiffs' claims here (as discussed in further detail below), had Plaintiffs filed this action in California state court, it would certainly have been dismissed by the court for lack of jurisdiction.

> **3.** **The Court has Jurisdiction over Plaintiffs' Patent Malpractice Claims**
>
> **(a)** **The Court has Jurisdiction Over Plaintiffs' Patent Application Claims**

Here, the malpractice claims arising from Defendants' negligence in connection with Plaintiffs' patent applications, presented on the face of Plaintiff's Complaint, raise substantial issues of patent law.

First, in order to prove the breach of duty element of the malpractice claim,[6]

---

6 Under California law, the elements for a legal malpractice action are: (i) the duty of the attorney to use such skill prudence and diligence as members of his or her profession commonly possess and exercise; (ii) a breach of that duty; (iii) a proximate causal connection between the breach and the resulting injury; and (iv) actual loss or damage resulting from the attorney's negligence. *Coscia v. McKenna*

- 11 -

Plaintiffs must establish that Defendants failed correctly to understand and apply patent law to Plaintiffs' patent applications. *See Coscia*, 25 Cal.4th at 1199 (Cal. 2001). For example, the Complaint's allegation that Defendants botched the inventorship analysis and improperly identified Mr. Huang as the sole inventor, requires the Court to decide whether or not Mr. Huang was the sole inventor under patent law principles. Similarly, the determination of whether the Defendants properly assessed and advised Plaintiffs of the application of the "On-Sale Bar" will require the Court to make a determination regarding the application of the On-Sale Bar to Plaintiffs' patents. Thus, the issues related to inventorship and the application of the On-Sale Bar are not merely "floating on the periphery", but rather Plaintiffs are required to establish that Defendants erred in their understanding and/or application of these issues in order to prove their claim of malpractice with respect to these matters.

The application of the On-Sale Bar, codified in 35 U.S.C. §102(b), is a substantive issue of patent law, raised on the face of Plaintiffs' Complaint, that relates not merely to the procedure of the patent application process, but reflects the "carefully crafted bargain" the patent system strikes between encouraging technological advancement and avoiding monopolies." *Pfaff v. Wells Electronics, Inc.*, 525 U.S. 55, 63-64 (1998) (discussing role On-Sale Bar plays in patent system); *Ferag AG v. Quipp Inc.*, 45 F.3d 1562, 1567-68 (Fed. Cir. 1995) (noting that policy behind the On-Sale Bar is to "prevent[ ] inventors from exploiting the commercial value of their inventions while deferring the beginning of the statutory term.").

Issues relating to inventorship are likewise substantial patent law concepts, which, when raised by a state law claim, confer federal jurisdiction. *See, e.g., Shum*

---

*& Cueo*, 25 Cal.4th 1194, 1199 (Cal. 2001). Where the claim arises from a prior litigation, this standard requires a plaintiff to establish that, "but for the alleged malpractice, it is more likely than not the plaintiff would have obtained a more favorable result." *Viner v. Sweet*, 30 Cal.4th 1232, 1233 (Cal. 2003).

1   *v. Intel Corp.*, 633 F.3d 1067, 1076 n.4 (Fed. Cir. 2010) (noting that the district

2   court had subject matter jurisdiction over plaintiff's state law claims for fraud and

3   unjust enrichment which required determination of whether plaintiff was patent

4   inventor, because patent inventorship is "a substantial question of federal patent

5   law").  Indeed, the Federal Court has established that "although patent ownership

6   might not necessarily raise an issue of patent law, patent inventorship does."

7   *Memorylink Corp. v. Motorola, Inc.*, 419 Fed. Appx. 991, 992 (Fed. Cir. 2011)

8   (denying motion to transfer case out of Federal Circuit, where plaintiff's claim

9   seeking to correct the inventorship of a patent would have would have required the

10  plaintiff to prove, inter alia, that certain individuals were and/or other individuals

11  were not the actual inventors); *MCV, Inc. v. King-Seeley Thermos Co.*, 870 F.2d

12  1568, 1570-71 (Fed. Cir. 1989) (confirming exclusive federal court jurisdiction

13  over plaintiff's claim to co-ownership arising solely from the patent law issue of

14  inventorship).

15          Furthermore, in order to show that Defendants' negligent acts proximately

16  caused their damages, Plaintiffs must show that "but for the alleged malpractice,"

17  they would have obtained patents free from the infirmities allegedly caused by

18  Defendants' negligence.  *See Viner v. Sweet*, 30 Cal.4th at 1243 (in proving

19  causation, the plaintiff must show that but for the alleged malpractice, it is more

20  likely than not that the plaintiff would have obtained a more favorable result).  This

21  will require the Court to assess, among other things, whether the patents (as issued)

22  are in fact invalid, and the patentability of the inventions (had Defendants not

23  botched the applications).  Both the validity of a patent and the patentability of an

24  invention are "substantive issues of patent law."  *See, e.g, Hunter Douglas, Inc. v.*

25  *Harmonic Design, Inc.*, 153 F.3d 1318, 1329-31 (Fed. Cir. 1998) (federal court has

26  jurisdiction over state law claims for false statement regarding exclusivity of rights

27  to product that required plaintiff to show that defendant's patent was invalid, noting

28  that "Congress made manifest its intent to effect 'a clear, stable, uniform basis for

- 13 -

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

evaluating matters of patent validity/invalidity and infringement/non-infringement. . .'" to make the outcome of contemplated litigation more predictable."), *overruled on other grounds by Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999); *see also Davis v. Brouse McDowell, L.P.A.,* 596 F.3d 1355, 1360-62 (Fed. Cir. 2010) (jurisdiction in federal court where malpractice claims arising from alleged failure to timely file patent applications pursuant to the Patent Cooperation Treaty and alleged negligence in filing patent applications with the USPTO required proof that plaintiff would have obtained patent protection but for attorney's malpractice).  *See also LaBelle v. McGonagle*, 2008 U.S. Dist. LEXIS 63117 , at *1-2. 5 (D. Mass. Aug. 15, 2008) (unreported decision) (attorneys' failure to file the patent applications and misrepresentations to the plaintiffs had, in fact, been filed subject to exclusive jurisdiction under Section 1338, because plaintiffs needed to demonstrate that they would have received a valid patent with consequent economic benefit).

Finally, to prove their claimed damages, *i.e.*, that Defendants' conduct "robb[ed] them of valuable property rights", and left them with a '360 Design Patent that is effectively unenforceable, Plaintiffs must establish the value of the patent had it been properly attained.  Determination of the value of a patent for damages purposes requires analysis of the patentability of the product, the scope and enforceability of the patent, all of which are substantial issues of patent law. *See TattleTale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP,*  2009 Ohio App. LEXIS 1217 (Ohio Ct. App. Mar. 26, 2009) (state court case affirming dismissal on grounds in a case involving an alleged failure to pay patent maintenance fees, the court observed that the "damages in the case *sub judice* cannot be determined without a determination of patent scope") (jurisdiction confirmed by federal court *TattleTale Portable Alarm Systems, Inc. v. Calfee, Halter & Griswold LLP*, 72 F.Supp.2d 893, 898 (2010)); *Lans v. Adduci Mastriani & Schaumberg L.L.P.*, 2011 U.S. Dist. LEXIS 54463, *216 (D.D.C. May 23, 2011)

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, Ca 90048

PLAINTIFFS' MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL
Case No. 8:11-cv-00539-DOC-(MLGx)

1    ("Given the need to litigate the issue of patent infringement and resulting damages

2    as part of the malpractice claim in this case, this Court will maintain subject-matter

3    jurisdiction over the malpractice claim.").

4        Because these patent malpractice claims necessarily raise substantial issues

5    of patent law – relating to inventorship and the On-Sale Bar (negligence element),

6    validity and patentability (causation element) and valuation (damages) – this Court

7    has original jurisdiction over these claims pursuant to 28 U.S.C. § 1338.

8        **(b)**     <u>**The Court has Jurisdiction over Malpractice Claims Related**</u>

9           <u>**to Patent Enforcement Proceedings**</u>

10        The Complaint's malpractice claims arising from Defendants' mishandling of

11    the enforcement of Plaintiffs' patents also raise substantial issues of patent law, thus

12    providing an alternate ground for jurisdiction under 28 U.S.C. §1338.  The

13    gravamen of these claims are that, due to Defendants' multiple acts of negligence,

14    not only were Plaintiffs' attempts to protect its intellectual property from

15    infringement by competitors impaired, but Plaintiffs' competitors actually sued

16    them for declaratory judgments of non-infringement and invalidity of the Design

17    Patents, causing significant monetary damages and threatening their intellectual

18    property.

19        First, these claims assert that Defendants made several errors with respect to

20    their assessment and application of patent law to the Plaintiffs' portfolio, including

21    that they improperly handled the inventorship issues (Compl. ¶¶ 33, 47, 95(d), 33),

22    forgot about (or at best misunderstood) the "On-Sale Bar (Compl. ¶ 50), improperly

23    drafted the utility and design patent claims (Compl. ¶¶ 31, 48-49); improperly

24    determined to proceed with infringement enforcement based upon the Design

25    Patents (Compl. ¶¶ 21-25, 30, 42, 95(a)-(c)(f).  Thus, the determination of whether

26    Defendants' conduct met the applicable standards of care for patent law

27    practitioners will necessarily involve determinations and application of patent law

28    to the facts of this case. *See, e.g., Immunocept*, 504 F.3d at 1285 ("After all, claim

- 15 -

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL
Case No. 8:11-cv-00539-DOC-(MLGx)

1   scope determination is the first step of a patent infringement analysis."); *Pfaff*, 525

2   U.S. at 63-64 (statutory On-Sale Bar plays critical role in the patent system); *Shum*,

3   633 F.3d at 1076 n.4 (patent inventorship is "a substantial question of federal patent

4   law").

5          For example, assessing whether Defendants properly advised Plaintiffs to

6   issue cease and desist letters based upon the Design Patents instead of waiting for

7   issuance of the utility patents requires an analysis of the scope of the protection

8   provided by the respective patents in this case, and whether the design patent

9   provided sufficient scope to support the infringement proceedings Defendants

10  threatened in the cease and desist letters.  Essentially, the Court must decide

11  whether the allegations of infringement in the cease and desist letters were accurate,

12  or not.  *See, e.g., Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc*., 986

13  F.2d 476, 478-79 (Fed. Cir. 1993) (patent infringement is a "substantial question of

14  federal patent law," appropriately under § 1338(a) jurisdiction).

15         Similarly, Plaintiffs' malpractice claim with respect to the Huang Action

16  requires the determination of patent law issues.  *See* Compl. ¶¶ 29, 95(f), 98.  To

17  determine whether Defendants' conduct was negligent, the Court must assess

18  whether a reasonable patent law practitioner would have sought the patents in Mr.

19  Huang's name, failed to transfer them to Mophie, commenced enforcement

20  activities misrepresenting that the patents were owned by Mophie and, thereafter,

21  would have recommended filing of the Huang Action; each of which requires an

22  application of patent ownership law to the facts of this case.  Establishing patent

23  ownership, of course, was also an element of the infringement claims asserted in the

24  Huang Action.  As noted by the *Air Measurement* court, it would be "illogical" for

25  this Court to have jurisdiction under Section 1338 to hear the underlying

26  infringement suit, but "not [to] have jurisdiction under Section 1338 to hear the

27  same substantial patent question in the 'case within a case' context of a state

28  malpractice claim."  *Air Measurement*, 504 F.3d at 1269, 1270.

- 16 -

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL
Case No. 8:11-cv-00539-DOC-(MLGx)

1         Second, substantial patent law issues are also necessarily implicated by the

2   requirement that Plaintiffs show that Defendants' conduct was the proximate cause

3   of Plaintiffs' injury.  Essentially, the Court must determine whether, absent

4   Defendants' errors, (i) the competitors would have had meritorious declaratory

5   judgment causes of action (and defenses to Plaintiffs' infringement allegations)

6   (Compl. ¶¶ 27-28, 30-3485), and (ii) Mr. Huang would not have filed, or would not

7   have dismissed, the Huang Action.  Compl. ¶¶ 29, 86.  This analysis requires the

8   Court to assess the merits of the competitors' defenses to the infringement claims,

9   essentially requiring the Court to conduct a "case within a case" to determine

10   whether the allegations of non-infringement and invalidity were facially sound and

11   arose from Defendants' negligence.

12         These claims fall squarely under the precedent of the *Air Measurement* case.

13   In *Air Measurement*, as here, because the malpractice law of the relevant state

14   required the plaintiff to "establish that they *would have prevailed* in the prior

15   litigation but for [their counsel's] negligence," the malpractice action involved "the

16   'case within a case' requirement of the proximate cause element of malpractice."

17   *Air Measurement*, 504 F.3d at 1268-69 (emphasis added).   Therefore, "[b]ecause

18   the underlying suit here is a patent infringement action . . ., the district court will

19   have to adjudicate, hypothetically, the merits of the infringement claim." *Air*

20   *Measurement*, 504 F.3d at 1269.  Since determinations of the merits of patent

21   infringement claims are undeniably "substantial issues of federal law", the Court

22   held there was "simply no good reason to deny federal jurisdiction." *Air*

23   *Measurement*, at 1269; *see also Rockwood Retaining Walls, Inc. v. Patterson,*

24   *Thuente, Skaar & Christensen, P.A.*, 2009 U.S. Dist. LEXIS 119349 (D. Minn.

25   Dec. 22, 2009) (denying remand to state court where determination of "whether

26   [the plaintiff] could have obtained a better outcome in the underlying infringement

27   litigation" but for the attorney-malpractice required "hypothetical retrial of a patent

28   infringement and invalidity action"); *Touchcom, Inc. v. Bereskin & Parr*, 2008 U.S.

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

1  Dist. LEXIS 112100 (E.D. Va. Feb. 4, 2008) (notwithstanding that sole negligent
2  act was a "photocopying error" causing omission of complete source code from
3  patent application, resulting in invalidation of patent, malpractice claim required
4  plaintiffs to prove that "but for" error, prior litigation would not have invalidated
5  patent).

6       Finally, issues of damages in connection with these claims also implicate
7  patent law.  Plaintiffs assert that, as a result of Defendants' negligence in attempting
8  to enforce Plaintiffs' patent rights, the "'360 Design Patent is effectively
9  unenforceable," and Mophie "continues to face damage and risk to its intellectual
10 property portfolio.  Compl. ¶¶ 88-89.  As discussed above, the determination of the
11 value of a patent for damages purposes raises substantial issues of patent law.
12 *TattleTale,* 2009 Ohio App. LEXIS 1217; *Lans,* 2011 U.S. Dist. LEXIS 54463.

13      Accordingly, the Court has jurisdiction over the patent enforcement related
14 malpractice claims pursuant to 28 U.S.C. §1338.

15     **B.**   **The Court has Jurisdiction Over the Trademark Application Claims**

16      The Court also has original jurisdiction over the malpractice claims relating to
17 the trademark applications based on 28 U.S.C. §1331.  "[F]or a state law claim to
18 provide a basis for federal jurisdiction, the state law claim must 'turn on substantial
19 questions of federal law,' and 'really and substantially involve a dispute or
20 controversy respecting the validity, construction or effect of [federal] law.'"
21 *Williston Basis Interstate Pipeline*, 524 F.3d 1090, 1102 (9th Cir. 2008) (quoting
22 *Grable & Sons*, 545 U.S. 308, 312 (2005); *Evans v. Trimont Land Co.*, 2006 U.S.
23 Dist. LEXIS 31151 (E.D. Cal. May 18, 2006) (same).  While Plaintiffs' research has
24 not located any Ninth Circuit cases deciding this issue, two unreported decisions
25 from the Eastern District of California provide guidance here.

26      In *Gerawan Farming v. Worrell & Worell*, 2011 U.S. Dist. LEXIS 8447 (E.D.
27 Cal. Jan. 20, 2011), the plaintiff sued its attorneys for negligent preparation of its
28 trademark application, which led to plaintiff's competitors' raising allegations that

- 18 -

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL
Case No. 8:11-cv-00539-DOC-(MLGx)

1  the trademark was "generic" in an underlying lawsuit.  The court declined to

2  remand, holding that since plaintiff was required "to prove causation by showing

3  that the use of the trademark in the patent name" gave rise to the counterclaim in

4  the underlying litigation.  *Id.* at *11.  If the plaintiff lost the underlying case, it

5  would also need to prove trademark diminution damages.  *Id.*  Finding that "[u]nder

6  either scenario, then, [p]laintiff will be required to undertake an analysis of federal

7  patent and trademark law", the Court denied remand.  *Id.* at *12; *See also Harness,*

8  *Dickey & Pierce, P.L.C. v. Powerhouse Marks, LLC*, 2008 U.S. Dist. LEXIS

9  78561, *9 (E.D. Mich. Sept. 29, 2008) (confirming jurisdiction over malpractice

10  claims relating to underlying trademark infringement case).

11       In *Evans v. Trimont Land Co.*, 2006 U.S. Dist. LEXIS 31151 (E.D. Cal. May

12  18, 2006), the plaintiff brought a California state court action for a declaration that

13  his use of "Northstar" in his real estate business did not infringe defendant's rights

14  in its registered service mark, "Northstar."  The defendant removed, contending

15  that, even though the plaintiff had not cited any federal statutes in its complaint, the

16  action necessarily required determination of federal law issues, including the scope

17  of, and infringement of, defendant's Lanham Act rights.  *Id.* at *3.  Holding that the

18  "vindication of plaintiff's claims necessarily turns on the court's construction of

19  federal law," the Eastern District denied plaintiff's remand motion and confirmed

20  jurisdiction.  *Id.* at *6.

21       Similarly, Plaintiffs' malpractice claims raise substantial issues of trademark

22  law.  As one of its claims, Mophie asserts that Defendants improperly sought

23  registration of the phrase "Juice Pack", not the full name "Mophie Juice Pack,"

24  which led to the application to be rejected by the PTO.  Compl. ¶¶ 55-59. When

25  Mophie finally obtained trademark in "Mophie Juice Pack" in December 2010, the

26  application did not "swear back" to the original November 2007 filing date because

27  Defendants had improperly allowed the original application to be "abandoned."

28  Compl. ¶ 60.

- 19 -

1    To determine whether Defendants' decision to proceed with the registration of
2    "Juice Pack" was reasonable, the Court essentially must review the PTO's Office
3    Action denying registration for compliance under prevailing standards of patent
4    law.  The Court will need to determine whether the strategic decision to abandon
5    the application was the proximate cause of the loss of "relation back" to the original
6    application.  Finally, the Court must determine the diminution in value of Plaintiffs'
7    marks as a result of the loss of three years' priority.  Like the trademark issues
8    raised in *Gerawan* and *Evans*, each of these analyses requires a determination of
9    substantial issues of federal law.

10    The Fifth Circuit's decision in *Singh v. Duane Morris LLP*, 538 F.3d 334 (5th
11    Cir. 2008), declining jurisdiction over trademark-related malpractice claims that
12    "were more of a factual inquiry than a legal one," is distinguishable.  Plaintiffs
13    respectfully note that the Fifth's Circuit decision is not binding on this Court and
14    that, as discussed above, the trademark law issues raised by this case do require the
15    Court to perform a legal, rather than merely factual, analysis of patent law.

16    Accordingly, the Court has original jurisdiction over the trademark
17    malpractice claim relating to the "Juice Pack" application pursuant to 28 U.S.C.
18    §1331.

19    **C.     The Court has Supplemental Jurisdiction Over The Remaining**
20            **Claims**

21    Supplemental jurisdiction extends to all claims that are so "related" to claims
22    over which the court has original jurisdiction that they "form part of the same case
23    or controversy."  28 U.S.C. § 1367(a).  Non-federal claims are deemed part of the
24    same "case" as federal claims when they "'derive from a common nucleus of
25    operative fact' and are such that a plaintiff 'would ordinarily be expected to try
26    them in one judicial proceeding.'"  *Finley v. United States*, 490 U.S. 545, 549
27    (1989) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)).

28

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

1      Each of the claims asserted in this action is a "related" claim for purposes of

2   determining supplemental jurisdiction.  All of the claims in the Complaint arise

3   from the course of the representation by Defendants of Plaintiffs' intellectual

4   property portfolio.  For each of the claims of breach of fiduciary duty and

5   negligence, the source of the alleged duty is the attorney-client relationship.  *See,*

6   *e.g.*, Compl. ¶¶ 73-75.  Each of the alleged breaches relates to Defendants'

7   representation of Plaintiffs' intellectual property portfolio.  *See, e.g.*, Compl. ¶¶ 76.

8   Furthermore, the claims overlap directly inasmuch as may of the alleged failures to

9   fully advise Plaintiffs relates to an instance of Defendants' failing to advise

10   Plaintiffs regarding their negligent conduct discussed above, or relate directly to

11   Defendants' failure to accurately understand and apply patent and trademark law.

12   *See, e.g.,* Compl. ¶ 83.  Similarly, to the extent that some of the malpractice claims

13   do not implicate substantial issues of patent or trademark law, they relate to

14   Defendants' negligence in connection with the same trademark and patent

15   applications and ill-fated enforcement activities discussed above.  *See, e.g.,* Compl.

16   ¶¶ 81-83, 93-95.

17      Thus, since the Court has original over several of the attorney malpractice

18   claims under 28 U.S.C. §1338 (patent claims) and/or 28 U.S.C. §1331 (trademark

19   claims), this Court also has supplemental jurisdiction over all of the state-law

20   claims asserted in this case.  *See, e.g., Warrior Sports, Inc. v. Dickinson Wright,*

21   *P.L.L.C.*, 631 F.3d at 1372 (after finding that "at least one" of plaintiff's attorney

22   malpractice claims was subject to Section 1338 jurisdiction, holding that all of its

23   other claims were properly before the court as a matter of supplemental

24   jurisdiction); *Max-Planck-Gesellschaft Zur Foerderung der Wissenschaften E.V. v.*

25   *Wolf Greenfield & Sacks, PC*, 661 F. Supp. 2d 125, 130 (D. Mass. 2009) (having

26   found that plaintiff's malpractice claims arising from firm's improper conflict of

27   interest in patent representation raised substantial issues of federal law, court

28   exercised supplemental jurisdiction over breach of fiduciary duty claims); *Lans*

- 21 -

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL
Case No. 8:11-cv-00539-DOC-(MLGx)

2011 U.S. Dist. LEXIS 54463 at 216-217 (asserting supplemental jurisdiction over state law breach of contract, and breach of fiduciary duty claims based upon original jurisdiction over patent malpractice claim).

### D.    Alternatively, Plaintiffs Should be Granted Leave to Amend

"Defective allegations of jurisdiction may be amended, upon terms, in trial or appellate courts." 28 U.S.C. § 1653.  "Leave to amend a complaint should be freely given in the absence of a showing of bad faith or undue delay by the moving party or prejudice to the nonmoving party." *Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F.2d 1553, 1561 (9th Cir. Cal. 1987) (granting leave to amend to add allegations supporting subject matter jurisdiction).

To the extent the Court finds that the basis for federal jurisdiction over Plaintiffs' claims is not apparent from the face of the Complaint, Plaintiffs respectfully request leave to amend to more fully plead the jurisdictional basis of their claims.

### IV.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully submit that this Court has subject matter jurisdiction over the claims asserted in the Complaint.


Dated: October 13, 2011                SCHWARCZ, RIMBERG, BOYD &
                                       RADER, LLP


                                       By:_____/s/Kathryn Lee Boyd___
                                          Kathryn Lee Boyd, Esq.
                                          Attorneys for Plaintiffs

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048