**KATHRYN LEE BOYD, ESQ. (SBN 189496)**
lboyd@srbr-law.com
**JEFF D. NEIDERMAN, ESQ. (SBN 203818)**
jneiderman@srbr-law.com
**SCHWARCZ, RIMBERG, BOYD & RADER LLP**
6310 San Vicente Boulevard, Suite 360
Los Angeles, California 90048
Phone: (323) 302-9488
Fax: (323) 931-4990

Attorneys for PLAINTIFFS
Mophie, Inc., and Daniel Huang

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOPHIE, INC., formerly known as mSTATION Corporation, a California Corporation, and DANIEL HUANG, an individual,<br><br>            Plaintiffs,<br>vs.<br><br>LOZA & LOZA, LLP, a California Limited Liability Partnership, JULIO LOZA, an individual and CHRISTINE S. LOZA, an individual,<br><br>            Defendants. | Case No. 8:11-cv-00539-DOC-(MLGx)<br>Assigned to the Honorable David O. Carter, U.S.D.J.<br><br>**ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER** |

///
///
///
///

Pursuant to the Stipulation between Plaintiffs MOPHIE, INC. and DANIEL HUANG ("Plaintiffs") and Defendants LOZA & LOZA, LLP, JULIO LOZA and CHRISTINA S. LOZA ("Defendants") (individually, a "party," together, the "parties")and FOR GOOD CAUSE SHOWN, it is hereby ORDERED that a Protective Order ("Order") be issued pursuant to Rule 26(c) of the Federal Rules of Civil Procedure as follows:

1. Plaintiffs and Defendants acknowledge that disclosure and discovery activity in this litigation could potentially involve the production of confidential, proprietary, sensitive or private information, for which special protection from public dissemination or disclosure (and from use for any purpose other than prosecuting and defending this matter) would be warranted.

## Part One: Use of Designated Materials in Discovery

2. Information, material and/or discovery responses may be designated pursuant to this Order by the person or entity producing, lodging it or otherwise furnishing it or by any party to this action (the "Designating Party") if: (a) provided or served, formally or informally, in response to any other formal or informal discovery request, subpoena, deposition notice or order in this action; and/or (b) filed or lodged with the Court. All such information, material and/or discovery responses and all information or material derived therefrom is "Designated Material" under this Order, whether labeled as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as set forth below. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, Designated Material shall be used only in the litigation and preparation for trial of this action and shall not be used or disclosed by the receiving party except as expressly provided under the terms of this Order.

3. Any party or non-party may designate as "Confidential Information" (by stamping the relevant page "CONFIDENTIAL" or as otherwise set forth herein) any document or response to discovery for the purposes of (i) avoiding

- 1 -

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER
Case No. 8:11-cv-00539-DOC-(MLGx)

invasions of individual privacy and protecting non-public proprietary information and confidential business, technical, financial and/or personal information relating to the Designating Party's business, technical, financial, or personal affairs, subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure ("FRCP") or under other provisions of California law.  Any party or non-party may designate as "Highly Confidential Information" (by stamping the relevant page "HIGHLY CONFIDENTIAL" or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to protection under FRCP Rule 26(c) or under other provisions of California law. Where a document or response consists of more than one page, the first page and each page on which Designated Material appears shall be so designated.

4. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material.  In addition, a party or non-party may designate in writing, within thirty (30) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described herein.  After any designation made according to the procedure set forth herein, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described herein.

5. All Designated Material produced or exchanged in the course of this case (not including information that is publicly available) shall be used by the

party or parties to whom the information is produced solely for the purpose of this case.

6. Except with the prior written consent of the other parties, or upon prior order of the Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

    (a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

    (b) employees of such counsel;

    (c) individual parties or officers or employees of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

    (d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

    (e) any authors or recipients of the Confidential Information;

    (f) the Court, Court personnel, and court reporters; and

    (g) witnesses (other than persons described in paragraph 5(e)). A witness shall sign the Certification before being shown Confidential Information. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "CONFIDENTIAL" pursuant to paragraph 3 above. Witnesses shown

SCHWARCZ, RIMBERG, BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER
Case No. 8:11-cv-00539-DOC-(MLGx)

Confidential Information shall not be allowed to retain copies.

7. Except with the prior written consent of the other parties, or upon prior order of the Court obtained upon notice to opposing counsel, Highly Confidential Information shall not be disclosed to any person other than:

(a) counsel for the respective parties to this litigation, including in-house counsel and/or legal personnel and co-counsel retained for this litigation;

(b) employees of such counsel;

(c) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Highly Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Highly Confidential Information;

(d) any authors or recipients of the Highly Confidential Information;

(e) the Court, Court personnel, and court reporters; and

(f) witnesses (other than persons described in paragraph 6(c)). A witness shall sign the Certification before being shown Highly Confidential Information. Highly Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Highly Confidential Information is represented or has been given notice that Highly Confidential Information produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the Highly Confidential Information shall be designated "HIGHLY CONFIDENTIAL" pursuant to paragraph 3 above. Witnesses shown Highly Confidential Information shall not be allowed to retain copies.

SCHWARCZ, RIMBERG, BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER
Case No. 8:11-cv-00539-DOC-(MLGx)

8. Any persons receiving Designated Material shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

9. If a party contends that any Designated Material is not entitled to treatment as such, that party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have thirty (30) days from the receipt of such written notice to apply to the Court for an order confirming designation of the material as Confidential Information or as Highly Confidential Information. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

10. Notwithstanding any challenge to Designated Material as provided in the preceding paragraph, all documents so designated shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    (a) the party or non-party who designated the Designated Material as such withdraws such designation in writing; or

    (b) the party or non-party who designated the Designated Material as such fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

    (c) the Court rules the material is not Confidential Information or Highly Confidential Information.

11. All provisions of this Order restricting the communication or use of Designated Material shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Designated Material, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return

- 5 -

such materials no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such materials within the time period upon consent of the party who provided the materials and certify in writing within thirty (30) days that the documents have been destroyed.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. If any person inadvertently produces any Designated Materials without marking it with the appropriate legend, the producing party may give written notice within 30 days to the receiving party or parties, including appropriately stamped copies of the Designated Material, that the document, thing, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Order. Thereafter, such material shall be treated in accordance with the provisions of this Order.

13. Nothing in this Order shall be construed to affect either the discoverability, admissibility or use at trial of any document or thing, nor shall any party's or nonparty's assent to this Order be deemed to waive that party's or non-party's right to object to the production of documents and things on appropriate grounds or to move to compel the production of documents and things wrongfully withheld from production. No party may refer to this Order or the designation of Confidential Information or Highly Confidential Information as proof that such Designated Material is actually confidential or constitutes (or contains) sensitive business, technical, financial or personal information.

14. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of materials designated as Designated Material. In rendering such advice and otherwise communicating with the client, however,

- 6 -

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER
Case No. 8:11-cv-00539-DOC-(MLGx)

counsel shall not make any disclosure of any Designated Material, except as permitted by this Order.

### Part Two: Modification and Survival

15. The parties reserve the right to seek modification of this Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this Order for any reason. The restrictions imposed by this Order may only be modified or terminated by written stipulation of the parties in this action or by order of this Court.

16. This stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

17. The Court retains jurisdiction to make such amendments, modifications, and additions to this as he or she may from time to time deem appropriate.

IT IS SO ORDERED.

*MARC L. GOLDMAN*

DATED: December 7, 2011  _____
Honorable Marc L. Goldman
United States Magistrate Judge

# CERTIFICATION

I hereby certify my understanding that Designated Material is being provided to me pursuant to the terms and restrictions of the Proposed Stipulated Protective Order ("Order") dated _____, in *Mophie, Inc., et al. v. Loza & Loza, LLP, et al., Case No. 11-00539-DOC (MLGx)*. I have been given a copy of the Order and have read it carefully.

I agree to be bound by the Order. I will not reveal the Designated Material to anyone, except as allowed by the Order. I will maintain all such Designated Material -- including copies; notes, or other transcriptions made therefrom -- in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Designated Material -- including copies, notes, or other transcriptions made therefrom -- to the counsel who provided me with the Designated Material. I hereby consent to the jurisdiction of the United States District Court for the Central District of California, for the purpose of enforcing the Confidentiality Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this certificate is executed this ___ day of _____, 201_.

By: _____

Address: _____

_____

Phone: _____